ABS/JN:AE
F. #2020R00105

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------X

UNITED STATES OF AMERICA

- against -

GORGI NAUMOVSKI,

Defendant.

---------------------------X

INDICTMENT

Cr. No. 1:20-cr-00384(WFK)(PK)
(T. 18, U.S.C., §§ 982(a)(7), 982(b)(1), 1349 and 3551 et seq.; T. 21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I. Background

A. The Medicare Program

1. The Medicare program ("Medicare") was a federal health care program that provided benefits to persons who were at least 65 years old or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2. Medicare was divided into multiple parts. Medicare Part B covered, among other things, costs related to durable medical equipment ("DME"), including orthotic braces and related equipment. Generally, Medicare Part B covered these costs only if,

among other requirements, they were actually provided, medically necessary, ordered by a physician and not induced by the payment of remuneration, including bribes and kickbacks.

3. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

B. The Defendant and Related Entity and Individuals

4. The defendant GORGI NAUMOVSKI, together with others, owned and operated the company Life Source Medical, Inc. ("Life Source"), which was a DME supplier enrolled in the Medicare program that did business in Greensboro, North Carolina, among other locations.

5. Co-Conspirator 1, an individual whose identity is known to the Grand Jury, was a co-owner of Life Source.

II. The Fraudulent Scheme

6. Between approximately April 2016 and December 2018, the defendant GORGI NAUMOVSKI, together with Co-Conspirator 1 and others, agreed to execute and executed a scheme whereby they submitted and caused the submission of false and fraudulent claims to Medicare for DME that was (1) not medically necessary, and (2) either not provided to the Medicare beneficiary or provided based on orders procured through bribes and kickbacks. As part of the scheme, NAUMOVSKI, along with Co-Conspirator 1, also concealed false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraudulent scheme and the payment of bribes and kickbacks. Lastly, NAUMOVSKI diverted, in the form of compensation and other remuneration, proceeds of the fraudulent scheme for his personal use and benefit and for that of his co-conspirators.

7. Specifically, the defendant GORGI NAUMOVSKI, together with others, paid bribes and kickbacks, directly and indirectly, to co-conspirators by purchasing completed prescriptions and other necessary documentation (collectively, "Doctors' Orders") that were necessary to submit claims to Medicare for DME. When NAUMOVSKI and others paid these bribes and kickbacks in order to purchase completed Doctors' Orders, they disguised the payments as legitimate business expenses and not the purchase of completed Doctors' Orders. NAUMOVSKI and others then used these Doctors' Orders to submit and cause the submission of false and fraudulent claims to Medicare for the supply of orthotic braces and other DME to beneficiaries, including beneficiaries who resided in the Eastern District of New York.

8. The medical professionals who signed the Doctors' Orders purchased by the defendant GORGI NAUMOVSKI and his co-conspirators often signed the Doctors' Orders regardless of medical necessity, without a pre-existing doctor-patient relationship, without a physical examination and frequently based on a short telephone conversation with the beneficiary.

9. Between approximately April 2016 and December 2018, the defendant GORGI NAUMOVSKI, together with others, submitted and caused to be submitted more than $4.1 million in claims to Medicare for DME relating to orthotic braces, including for residents in the Eastern District of New York, and Medicare paid more than $1.8 million on those claims.

CONSPIRACY TO COMMIT HEALTH CARE FRAUD

10. The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between April 2016 and December 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant GORGI NAUMOVSKI, together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more health care benefit programs, as defined in Title 18, United States Code, Section 24(b), to wit: Medicare, and to obtain, by means of one or more materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicare, in connection with the delivery of and payment for health care benefits, items and services, contrary to Title 18, United States Code, Section 1347.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

12. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit any property, real or personal, that constitutes, or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

DANIEL KAHN
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

F. # 2020R00105
FORM DBD-34
JUN. 85

No.

**UNITED STATES DISTRICT COURT**

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*GORGI NAUMOVSKI,*

Defendant.

**INDICTMENT**

(T. 18, U.S.C., §§ 982(a)(7), 982(b)(1), 1349 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

________________________________
*Foreperson*

*Filed in open court this* __________________ *day,*

*of* ____________ *A.D. 20* _____

________________________________
*Clerk*

*Bail, $* ____________________________

***Andrew Estes, Trial Attorney (718) 254-6250***