UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-----------------------------X
                             :
UNITED STATES OF AMERICA,    :
                             :   20-CR-384 (WFK)
        v.                   :
                             :   October 6, 2020
GORGI NAUMOVSKI,             :
                             :   Brooklyn, New York
            Defendant.       :
                             :
-----------------------------X
```

TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
BEFORE THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:        SETH DuCHARME, ESQ.
                          UNITED STATES ATTORNEY
                          BY: ANDREW ESTES, ESQ.
                          ASSISTANT U.S. ATTORNEY
                          271 Cadman Plaza East
                          Brooklyn, New York  11201


For the Defendant:         ROBERT RADICK, ESQ.



Audio Operator:


Court Transcriber:         ARIA SERVICES, INC.
                          c/o Elizabeth Barron
                          102 Sparrow Ridge Road
                          Carmel, NY 10512
                          (845) 260-1377



Proceedings recorded by electronic sound recording,
transcript produced by transcription service

1          THE CLERK:  This is criminal cause for

2   arraignment, case number 20-CR-384, United States v.

3   Gorgi Naumovski.

4          Counsel, starting with the government,

5   please state your appearances.

6          MR. ESTES:  Good morning, your Honor.

7   Andrew Estes for the government.

8          THE COURT:  Good morning.

9          MR. RADICK:  Good morning, your Honor.

10  Robert Radick of Morvillo Abramowitz for Mr. Naumovski.

11  Also on the line are Brian McGovern and James Touhy

12  (ph) of McCarthy Leonard & Kaemmerer in the St. Louis

13  area.

14          THE COURT:  Okay.  Let me really just check

15  in with Felix.  We're here for the arraignment on the

16  indictment.  There's a proposed bail package.  Is there

17  a proposed order of excludable delay?

18          THE CLERK:  It's arraignment on the

19  indictment, it's his first appearance in the Eastern

20  District of New York.  The defendant was arrested, I

21  believe, in Illinois and released on bond and was told

22  to make his telephonic court appearance today at 11:00.

23          Is that correct, Mr. Estes?

24          MR. RADICK:  Yes.

25          MR. ESTES:  Yes.  This is Andrew Estes for

1    the government.  That's correct.  There's not been an

2    application for an order of excludable delay just yet.

3    Judge Kuntz's chambers had requested that we follow up

4    on the status conference after this morning's

5    proceedings, so that's what we're doing.

6              THE COURT:  Okay.  Mr. Naumovski -- well,

7    actually, let me ask counsel a couple of other

8    questions before I address you.

9              So we're doing this by telephone.  Normally,

10   we would do it in court.  Let me hear from the

11   government as to why we should proceed by telephone.

12             MR. ESTES:  Yes, your Honor.  Andrew Estes

13   for the government.  The defendant was arrested in

14   Illinois.  In light of the ongoing global health crisis

15   and pandemic involving travel to the Eastern District

16   of New York, both for himself, possible family

17   suretors, and counsel would, respectfully, not be in

18   the interests of justice in order to promptly to have

19   him appear.

20             THE COURT:  And, defense counsel, what's

21   your position with regard to proceeding by telephone?

22             MR. RADICK:  Your Honor, we agree with what

23   Mr. Estes said and also consent to proceeding

24   telephonically for purposes of this arraignment.

25             THE COURT:  All right.  And have you

1   consulted with your client about it?

2           MR. RADICK:  Yes.

3           THE COURT:  And is he in agreement?

4           MR. RADICK:  Yes.

5           THE DEFENDANT:  Yes.

6           MR. RADICK:  Yes, we'd prefer to proceed by

7   telephone.  I'm sorry, this is Robert Radick.  He can

8   confirm for himself if your Honor would like.

9           THE COURT:  I'll ask him in a minute.

10          Back to the government and maybe Felix, if

11  you have some information.  We're doing this by

12  telephone rather than video conference for what reason?

13          THE CLERK:  We're just doing it by telephone

14  because we only do video when they're either at the MDC

15  or in the marshals' holding pens downstairs in the

16  building.

17          THE COURT:  Defense counsel, does your

18  client and do you agree that proceeding by telephone as

19  compared to video conference is acceptable?

20          MR. RADICK:  Yes, your Honor.  Robert

21  Radick.  Yes.

22          THE COURT:  Just briefly, before we move to

23  the substance of today's proceedings, under the CARES

24  act, which was passed by Congress in March of 2020, the

25  findings of the judicial conference of the United

1    States made the same month, and the administrative

2    orders of Chief Judge Matsumoto, of which there have

3    been 2020-13, 2020-13-1, and the currently effective

4    one is 2020-13-2, all allow the criminal proceedings to

5    move ahead either by video or telephone if video is not

6    available, with the consent of the defendant after

7    consultation with his attorney, in light of, as I

8    already said, the global pandemic, the Covid 19 virus

9    outbreak.  In this particular case, given that the

10   defendant and his family and some counsel are out of

11   state and there are travel restrictions in many states

12   between Illinois and New York, this seems to be the

13   safest, most efficient way to proceed, and delaying the

14   arraignment would be -- would harm the interests of

15   justice, so we're going to proceed this way.

16              Moving on to the arraignment on the

17   indictment.  So for the defendant, Mr. Naumovski,

18   there's a document in this case called the indictment

19   and what we're doing right now is the arraignment on

20   the indictment.  The purpose of the proceeding is to

21   make sure that you understand the crimes with which you

22   are charged in the indictment, to make sure you

23   understand a few of your rights in today's proceeding,

24   and to discuss whether you're going to continue to be

25   released on bond or be held in custody.

1              So with regard to your rights in this

2    proceeding, first, you have the right to remain silent.

3    That means you don't need to say anything.  Anything

4    you do say, except to your lawyer, may be used against

5    you.  If you need to talk to your lawyer at any point

6    during today's proceeding, you can let me know.  If you

7    can hold off on speaking until we've sorted out the

8    mechanics of the telephone system so that your

9    conversation with your attorney is a private

10   conversation.  Additionally, you have the right to be

11   represented by an attorney.  If you can't afford one,

12   the Court will appoint one to represent you.

13              Counsel, are you retained counsel?

14              MR. RADICK:  Yes, your Honor.  Robert

15   Radick.  Yes.

16              THE COURT:  Mr. Radick, have you advised

17   your client of his rights in today's proceeding?

18              MR. RADICK:  I have, your Honor.

19              THE COURT:  Do you believe he understands

20   those rights?

21              MR. RADICK:  I do.

22              THE COURT:  Did you review the indictment

23   with your client, Mr. Naumovski?

24              MR. RADICK:  Yes, your Honor.

25              THE COURT:  Do you believe he understands

1    the indictment?

2              MR. RADICK:  Yes, your Honor.

3              THE COURT:  Would you like me to read the

4    indictment aloud?

5              MR. RADICK:  No, we waive the public reading

6    of the indictment.

7              THE COURT:  For Mr. Naumovski, have you read

8    the indictment?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Do you understand the charges

11   against you?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Did you have a sufficient

14   opportunity to consult with your attorneys about the

15   indictment?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Let me go back to Mr. Radick.

18   Is your client or are you on behalf of your client

19   prepared to enter a plea at this time?

20             MR. RADICK:  Yes, your Honor.  On behalf of

21   Mr. Naumovski, we enter a not-guilty plea to the charge

22   in the indictment.

23             THE COURT:  Okay.  Is there any issue of

24   consular notification in this case?

25             MR. ESTES:  This is Andrew Estes for the

1   government.  I believe that the FBI has notified the

2   appropriate consular authorities for Canada.

3            THE COURT:  And for defendant's counsel, is

4   that the country for which -- if he wanted to have

5   consular notification, the notification would be made?

6            MR. RADICK:  That's correct.  Mr. Naumovski

7   is a Canadian citizen.

8            THE COURT:  Felix mentioned earlier that Mr.

9   Naumovski already has been released on a bond in

10  Illinois.  So what's the proposal with regard to having

11  a bond here in this Court?

12           MR. RADICK:  Your Honor, the proposal for

13  the bond here in this Court, which is the subject of

14  agreement between the defense and the government, is a

15  one-million-dollar bond.  It is to be secured by the

16  home in which Mr. Naumovski and his wife reside, which

17  is at 7082 State Road 152 in Du Quoin, Illinois.  The

18  value of that home, as we've explained to the

19  government, is between $400,000 and $450,000.  And when

20  you subtract out the debt, there is equity roughly in

21  the $275,000 to $300,000 range.

22           The co-signer on the bond would be Mr.

23  Naumovski's wife, Roseann Naumovski, who is present for

24  purposes of this telephonic court appearance.  The

25  government has also indicated it would like there to be

1    a second co-signer.  We do not yet have a second co-

2    signer identified but we propose to pursue that and

3    identify the second co-signer within a week and to

4    return to the Court if there are any questions or

5    concerns about our ability to identify a second co-

6    signer.

7                 Travel restrictions are proposed to include

8    New York City, travel permitted to New York City,

9    Illinois, and the Eastern District of Missouri.  I

10   believe that sets forth the primary conditions of the

11   bond.

12               THE COURT:  And why Missouri?

13               MR. RADICK:  Because that's actually the

14   closest major city.  For example, Mr. Naumovski is in

15   Missouri at the moment for purposes of being with his

16   legal counsel there, and St. Louis is very close to the

17   Southern District of Illinois.  It just is a location

18   where he has legal advisors, business interests.  And

19   as well, your Honor, if he were to fly to New York to

20   come to court, that would inevitably involve flying out

21   of St. Louis.

22               THE COURT:  Okay.

23               Did somebody just join the call?  Do we

24   still have defense counsel, the government, and Mr.

25   Naumovski on the line?

```
1                 MR. RADICK:  Yes, ma'am.

2                 MR. ESTES:  The government is here.

3                 THE COURT:  And the defendant is here on the

4     line?

5                 MR. RADICK:  Yes, ma'am.

6                 THE DEFENDANT:  Yes.

7                 THE COURT:  Okay.  I'm not sure what that

8     was.

9                 What's the government's position with regard

10    to the bond?

11                MR. ESTES:  Your Honor, the bond terms

12    outlined by defense counsel are agreeable to the

13    government.  A couple of points I guess to just add to

14    it since receiving Pretrial's recommendations after

15    discussions.  In addition to reporting to Pretrial

16    Services as directed, there were recommendations that

17    the government agrees with of being subject to random

18    home and employment visits by Pretrial Services,

19    subject to random drug testing evaluation and treatment

20    as directed by Pretrial Services, surrendering the

21    Illinois State firearm owner's identification card and

22    concealed carry license to Pretrial Services, refrain

23    from possessing a firearm, ammunition, destructive

24    device, or other dangerous weapons.

25                THE COURT:  All right, what's the
```

1  defendant's position with regard to those items?

2          MR. RADICK:  Your Honor, those are all

3  acceptable to the defense.  In fact, I believe that the

4  firearms license and the firearms have already been

5  surrendered but if not, they will be.  His passport was

6  surrendered.  I don't know if that was specifically

7  mentioned, but those conditions are acceptable.

8          THE COURT:  Okay, all right.  Hold on a

9  minute here.  I'm just going talk to Felix, our

10 administrator here.

11          Can you update this, Felix, to add --

12          THE CLERK:  Yes.

13          THE COURT:  Sorry, which district of

14 Missouri is it?

15          MR. RADICK:  Eastern District of Missouri.

16          THE COURT:  All right, to add the Eastern

17 District of Missouri, to add --

18          THE CLERK:  Yes, I will, Judge.

19          THE COURT:  In addition to the witnesses,

20 add victims or coconspirators to number 2 on the bond,

21 and then also after number 6, an additional financially

22 responsible surety to sign.

23          We're saying a week, is that right?

24          MR. ESTES:  Yes, your Honor, a week.

25          THE COURT:  Does that take into account that

1    Monday is a holiday?

2              MR. RADICK:  If we could extend it to -- I

3    think, your Honor, if we go to the Wednesday.  Today is

4    the 6th so if we go to the 14th, that would be helpful.

5              THE COURT:  Okay.

6              MR. RADICK:  As long as there's no objection

7    from the government.

8              MR. ESTES:  No objection.

9              THE COURT:  Okay.  All right, I think that

10   we've covered everything on here.

11             Felix, if you don't mind, if you could swear

12   in Ms. Naumovski.

13             (Suretor is sworn.)

14             THE COURT:  Ms. Naumovksi, what I'm going to

15   do is go over the bond and explain how it works to Mr.

16   Naumovski.  And if you could listen and then I'll come

17   back and ask you a few questions and see if you'd like

18   to be a surety on the bond, okay?

19             MS. NAUMOVSKI:  Okay.

20             THE COURT:  The way this bond works is, it's

21   a million-dollar bond.  Nobody is paying a million

22   dollars right now.  There will be security posted with

23   the home at State Route 152 but the rest of the money,

24   the difference between the equity in the house and the

25   million dollars isn't being paid right now.  But if the

1  defendant -- if you fail to adhere to the conditions of

2  the bond, then the United States government is entitled

3  to collext the million dollars.  Their first effort is

4  likely to be to take the house but they can proceed

5  beyond that to get the million dollars, and they could

6  take it from you, from your wife, or when the third

7  financially -- sorry, second financially responsible

8  surety signs, from that person, or some combination of

9  one of you, of two of you, of three of you.

10          Do you understand how the million dollars

11  works with regard to the bond?

12          THE DEFENDANT:  Yes.

13          THE COURT:  The conditions of the bond

14  include the following:  You have to remain in and you

15  can't leave the following areas without the Court's

16  permission, so New York City.  That's the five boroughs

17  of New York City.  If you're coming to New York via New

18  Jersey, you need to check with your attorney and the

19  Court about doing that because this is very limited to

20  the five boroughs of the City of New York, Illinois,

21  and the Eastern District of Missouri, and you can

22  travel to and from the Court here and permitted areas.

23          You have to avoid all contact with

24  witnesses, coconspirators, and victims.  You have to

25  surrender any passport to Pretrial Services.  I

1   understand that's already been done, and you're not to

2   obtain any other passport or international travel

3   document.  You're going to be supervised by the

4   Pretrial Services Agency.  That will include being

5   subject to random visits by a Pretrial Services officer

6   at your home or place of work.  You have to report as

7   directed by Pretrial Services to Pretrial.  You have to

8   -- hold on one second.  I need to switch between

9   documents here.

10          You have to submit to random drug testing,

11  evaluation, and treatment as directed Pretrial

12  Services.  You have to surrender your Illinois firearm

13  owner's identification card and concealed carry license

14  to Pretrial Services.  I understand that seems to have

15  already been done.  If it hasn't, you need to do it,

16  let's say by tomorrow, and you need to refrain from

17  possessing a firearm, ammunition, destructive device,

18  or any other dangerous weapon.

19          Additionally, you're not to submit claims,

20  directly or indirectly, to Medicaid or Medicare.  And

21  then as I mentioned earlier, there will be some

22  security posted.  So the premises at 782 State Route

23  152 in Du Quoin, Illinois, which I understand you and

24  your wife own, needs to be posted as security.  And in

25  connection with that, you're going to execute a

1   confession of judgment or whatever the paperwork is

2   with regard to the property in Illinois.  That needs to

3   be coordinated with the U.S. Attorney's office.

4               Do you understand all of those conditions?

5               THE DEFENDANT:  Yes, I so.

6               THE COURT:  I'm going to give you some

7   additional warnings.

8               Felix, if you don't mind, if you could send

9   me an updated bond and I'll go over the signature.

10              THE CLERK:  Sure.

11              THE COURT:  Do you need a page with regard

12   to the posting of the property?

13              THE CLERK:  I do not.

14              THE COURT:  Okay.  Some additional warnings

15   for the defendant include, if you don't come to court

16   as directed or you violate the conditions of release, a

17   warrant will issue fo your arrest, and you may then be

18   held without bond until your trial.  Your failure to

19   appear in court, and that includes telephone and video

20   conferences, may result in a charge of bail jumping.

21   It's a separate felony offense.  It carries its own

22   term of imprisonment.  You could be acquitted or

23   cleared of the underlying charges and yet have to go to

24   jail because you didn't come to court or participate in

25   court as directed.  If you are convicted of the

1    underlying charges, the sentence for bail jumping could

2    be consecutive to the sentence for the underlying

3    crime.

4              As part of the conditions of this bond,

5    you're not to commit any crime while on bond.  If you

6    do that, you could face additional charges for the

7    separate crimes you're alleged to have committed and

8    you could face increased punishment as a result of a

9    crime committed while on bail.  You're not to threaten

10   or attempt to influence the testimony of anyone who you

11   think might be a witness against you in this case.  If

12   you do that, this bond will be revoked and you could

13   face additional charges for witness tampering or

14   obstruction of justice.

15             Do you understand those warnings?

16             THE DEFENDANT:  Yes, I do.

17             THE COURT:  Let me go to Ms. Naumovski.

18             Do you understand how the bond works?

19             MS. NAUMOVSKI:  Yes, I do.

20             THE COURT:  Can you confirm on the record --

21   you're Mr. Naumovski's wife, is that right?

22             MS. NAUMOVSKI:  Yes, I am.

23             THE COURT:  Are you employed?

24             MS. NAUMOVSKI:  Yes, I am.

25             THE COURT:  What's your annual salary?

```
 1              MS. NAUMOVSKI:  My annual salary is $120,000
 2    annual.
 3              THE COURT:  Would you like to be a surety on
 4    this bond?
 5              MS. NAUMOVSKI:  Yes.
 6              THE COURT:  Since we logistically can't --
 7    it's hard to have you sign it, do you authorize me to
 8    put your name and my initials next to it that I've
 9    signed for you on this bond?
10              MS. NAUMOVSKI:  Yes, Judge.
11              THE COURT:  For Mr. Naumovski, do you
12    understand the whole bond and the warnings I gave you?
13              THE DEFENDANT:  Yes, Judge.
14              THE COURT:  Do you need an opportunity to
15    speak with your attorney before proceeding with the
16    bond?
17              THE DEFENDANT:  No.
18              THE COURT:  Would you like to be released or
19    continue your release on this bond?
20              THE DEFENDANT:  Yes, Judge.
21              THE COURT:  Similarly, do you authorize me
22    to sign your name on this bond since logistically,
23    you're out of state and we're here in the Eastern
24    District of New York?
25              THE DEFENDANT:  Yes, Judge.
```

1          THE COURT:  I'm going to sign this document.

2    You'll get a copy of it.  You should read it carefully

3    with your attorney.  If there's anything you don't

4    understand or, for counsel, if it needs clarification,

5    you should return to the Court and make sure it's

6    clear.  We try when we're doing it at a distance but

7    it's a little bit difficult.  Sorry, I'm going to ask

8    Felix one more thing.

9          Can you add victims to number 2?

10         THE CLERK:  I will, Judge.

11         THE COURT:  And then just shoot it over to

12   me via email.  Thanks.

13         While we're covering that, I asked at the

14   beginning if there was an application for an order of

15   excludable delay.  I understand you're going to check

16   with the district judge when the conference is going to

17   be first before proceeding with any application.  Is

18   that right?

19         MR. ESTES:  Yes, your Honor.

20         THE COURT:  Okay, so I'm just going to flag

21   the issue of the Speedy Trial Act for everyone,

22   particularly the government, and remind you that you

23   need to keep track of those dates.  If you are working

24   out your schedule with the district judge, you need to

25   keep abreast of that.

1    Felix, if you could note on the docket that
2    time is not excluded so everyone is aware.
3              MR. ESTES:  Yes, your Honor.
4              THE CLERK:  Okay.
5              THE COURT:  Is there anything else we should
6    cover here today?
7              MR. RADICK:  Judge, I have a question on
8    reporting to Pretrial.  Where does the Court envision
9    him reporting when he's not in New York?
10             THE COURT:  I think we have a Pretrial
11   Services officer on the line.  Do we?
12             MS. LEE:  Yes, this is Anna Lee (ph) from
13   Pretrial in the Eastern District of New York.  He is to
14   continue reporting to his officer over in Illinois.  We
15   will reach out to him and his officer about today's
16   hearing.
17             MR. RADICK:  Okay, thank you.
18             THE COURT:  Anything else?
19             MR. ESTES:  Not from the government, your
20   Honor, thank you.
21             MR. RADICK:  Not on behalf of Mr. Naumovski
22   from Mr. Radick.  Thank you, your Honor.
23             THE COURT:  Okay, thanks everyone.  Take
24   care.
25             THE CLERK:  Thank you, everyone.  Bye.

```
1              MR. RADICK:  Thank you, Judge.

2              THE COURT:  Bye.

3              MR. ESTES:  Bye, your Honor.

4                     *  *  *  *  *  *  *
```

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18        I certify that the foregoing is a correct

19   transcript from the electronic sound recording of the

20   proceedings in the above-entitled matter.

21

22

23

24

25   ELIZABETH BARRON                    December 17, 2020