```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,              :
                                       :
                                       :
            v.                         :         MEMORANDUM & ORDER
                                       :         20-CR-384 (WFK)
                                       :
                                       :
GORGI NAUMOVSKI,                       :
                                       :
                                       :
            Defendant.                 :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

Defendant Gorgi Naumovski ("Defendant") is charged in a single-count Indictment with Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349. Before the Court is Defendant's Motion to Dismiss the Indictment for improper venue, or, in the alternative, to transfer the case to the Middle District of North Carolina. *See* Def. Mot., ECF No. 58. For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

On September 18, 2020, a grand jury returned a single-count Indictment charging Gorgi Naumovski ("Defendant") with Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349. Indictment, ECF No. 1. As alleged in the Indictment, in or about and between April 2016 and December 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, Defendant, together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more health care benefit programs, as defined in Title 18 of the United States Code Section 24(b), to wit: Medicare, and to obtain, by means of one or more materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicare, in

1

connection with the delivery of and payment for health care benefits, items and services, contrary to Title 18, United States Code Section 1347. *Id.* ¶ 4.

On July 17, 2023, Defendant moved, pursuant to Fed. R. Crim. P. 12(b)(3)(A)(i), to dismiss the Indictment for improper venue, or, in the alternative, to transfer the case to the Middle District of North Carolina pursuant to Fed. R. Crim. P. 21(b). Def. Mot., ECF No. 58. On August 7, 2023, the Government filed a memorandum in opposition to Defendant's Motion. Gov't Opp., ECF No. 59. On August 14, 2023, Defendant filed a reply in further support of his Motion. Def. Reply, ECF No. 65.

## LEGAL STANDARD

### I.  Motion to Dismiss

"The Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed[.]" U.S. Const. art. III, § 2, cl. 3. Indeed, defendants have a right to trial in "the district wherein the crime shall have been committed." U.S. Const. amend. VI. To determine where an offense was committed, the Second Circuit applies a "substantial contacts" analysis, which considers "the site of the defendant's acts, the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate fact-finding." *United States v. Riley*, 13-CR-339, 2014 WL 53440, at *2 (S.D.N.Y. Jan. 7, 2014) (Patterson, J.) (quoting *United States v. Reed*, 773 F.2d 477, 481 (2d Cir. 1985)). "Where 'the acts constituting the crime and the nature of the crime charged implicate more than one location, the [C]onstitution does not command a single exclusive venue.'" *Id.* (quoting *Reed*, 773 F.2d at 480). Rather, venue is proper "in any of the districts where an essential conduct element of the crime took place." *United States v. Ramirez*, 420 F.3d 134, 139 (2d Cir. 2005).

2

The Government bears the burden of proving venue by a preponderance of the evidence at trial. *United States v. Potamitis*, 739 F.2d 784, 791 (2d Cir. 1984). To satisfy this burden, the Government "need only allege that criminal conduct occurred within the venue, 'even if phrased broadly and without a specific address or other information.'" *United States v. Ohle*, 678 F. Supp. 2d 215, 231 (S.D.N.Y. 2010) (Sand, J.) (citation omitted). When venue is challenged on a pretrial motion to dismiss, the Government must only show "the indictment alleges facts sufficient to support venue." *United States v. Peterson*, 357 F. Supp. 2d 748, 751 (S.D.N.Y. 2005) (Chin, J.).

II.     **Motion to Transfer Venue**

"As a general rule a criminal prosecution should be retained in the original district." *United States v. Parrilla*, 13-CR-360, 2014 WL 1621487, at *13 (S.D.N.Y. Apr. 22, 2014) (Nathan, J.) (citation omitted). "However, under Federal Rule of Criminal Procedure 21(b), '[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice.'" *United States v. Kolfage*, 20-CR-412, 2020 WL 7342796, at *2 (S.D.N.Y. Dec. 14, 2020) (Torres, J.).

When evaluating a motion to transfer, courts consider the ten factors set forth in *Platt v. Minnesota Mining & Manufacturing Co.*, 376 U.S. 240, 24344 (1964): (1) location of the defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket conditions of each district; and (10) any other special elements which might affect the transfer. *Id.* "No one of these considerations is dispositive, and '[i]t remains for

the court to try to strike a balance and determine which factors are of greatest importance.'" *United States v. Maldonado-Rivera*, 922 F.2d 934, 966 (2d Cir. 1990) (quoting *United States v. Stephenson*, 895 F.2d 867, 875 (2d Cir. 1990)).

Defendants bear the burden of justifying a transfer in accordance with the *Platt* factors. *United States v. Wilson*, 01-CR-53, 2001 WL 798018, at *1 (S.D.N.Y. July 13, 2001) (Cote, J.). However, this "burden is not often or easily met: In the words of Judge Edward Weinfeld, '[t]o warrant a transfer from the district where an indictment was properly returned it should appear that a trial there would be so unduly burdensome that fairness requires the transfer to another district.'" *United States v. Larsen*, 13-CR-688, 2014 WL 177411, at *2 (S.D.N.Y. Jan. 16, 2014) (Furman, J.) (citing *United States v. United States Steel Corp.*, 233 F. Supp. 154, 157 (S.D.N.Y. 1982) (Weinfeld, J.)).

## DISCUSSION

Defendant moves to (1) dismiss the indictment for improper venue under Fed. R. Crim. P. 12(b)(3)(A)(i), or, in the alternative, (2) transfer the case to the Middle District of North Carolina pursuant to Fed. R. Crim. P. 21(b).

### I.  Motion to Dismiss the Indictment

Defendant argues venue is not proper in the Eastern District of New York because Defendant did not commit overt acts in, engage in essential conduct in, or have substantial contacts with this district. Def. Mot. at 6. In opposition, the Government argues the Indictment's allegation that the crime occurred "within the Eastern District of New York and elsewhere" provides sufficient notice of proper venue and that "[t]his language alone is sufficient to defeat [Defendant's] motion." Gov't Opp. at 10. The Government emphasizes "courts in this Circuit 'have repeatedly declined to dismiss on venue grounds indictments alleging that the

offenses occurred within the Eastern District of New York and elsewhere.'" *Id.* (citing *United States v. Ji*, 21-CR-265, 2022 WL 595259, at *9 (E.D.N.Y. Feb. 28, 2022) (Chen, J.)). The Government goes on to argue that while this language alone is sufficient, "the Indictment provides even more detail, including that [Defendant] and others submitted 'false and fraudulent claims to Medicare for the supply of orthotic braces and other DME to beneficiaries, including beneficiaries who resided in the Eastern District of New York.'" *Id.*

The Court agrees with the Government and finds Defendant's motion premature. "In a prosecution for conspiracy, venue is proper in any district in which 'an overt act in furtherance of the conspiracy was committed by any of the coconspirators.' The defendant need not have been present in the district, as long as an overt act in furtherance of the conspiracy occurred there." *United States v. Naranjo*, 14 F.3d 145, 147 (2d Cir. 1994). "[W]here venue is challenged on a pre-trial motion to dismiss, the Government's burden is limited to showing that the indictment alleges facts sufficient to support venue." *United States v. Lira*, 22-CR-151, 2022 WL 17417129, at *1 (S.D.N.Y. Dec. 5, 2022) (Schofield, J.) (citation omitted).

Here, the Indictment alleges the offensive conduct occurred "within the Eastern District of New York and elsewhere." Indictment, ECF No. 1. It is well-established that, at this stage, such "language is sufficient to establish venue on a motion to dismiss." *United States v. Griffith*, 20-CR-15, 2020 WL 4369650, at *2 (S.D.N.Y. July 29, 2020) (Castel, J.). Furthermore, while Defendant argues that any acts which took place in this District were not reasonably foreseeable to him, this argument is "properly suited to a post-trial motion . . . rather than a motion to dismiss an indictment that specifically alleges an overt act in this District." *United States v. Posner*, 20-CR-162, 2022 WL 446012, at *2 (S.D.N.Y. Feb. 14, 2022) (Oetken, J.). Accordingly, the Court declines to dismiss the Indictment for improper venue.

## II.     Motion to Transfer Venue

In the alternative, Defendant moves to transfer this case to the Middle District of North Carolina pursuant to Fed. R. Civ. P. 21(b). Def. Mot. at 9. However, the Court is not persuaded such action is warranted here upon careful consideration of the *Platt* factors.

The first *Platt* factor, which concerns the location of Defendant, is neutral. As he himself admits, Defendant is not a resident of the Middle District of North Carolina, but rather resides in southern Illinois, "a location far from both districts." Def. Mot. at 9.

The second factor, which concerns the location of possible witnesses, is also neutral. In addressing this factor, Defendant states merely that "a transfer would be more convenient for potential witnesses." *Id.* at 10. However, "[a]s the burden of justifying a transfer rests on [Defendant], he must specifically describe how particular witnesses would be entirely prevented from testifying at trial" in this District. *United States v. Blakstad*, 19-CR-486, 2020 WL 5992347, at *4 (S.D.N.Y. Oct. 9, 2020) (Ramos, J.). Defendant has failed to identify anyone who would testify on his behalf and how they would be inconvenienced in the absence of a transfer. In contrast, the Government claims it is unaware of any witnesses that presently reside in or near the Middle District of North Carolina who are unable to travel to the Eastern District of New York, and pledges to "arrange for certain travel expenses of those witnesses" if need be. Gov't Opp. at 17.

The third factor, which concerns the location of the events likely to be at issue, weighs against transfer. Defendant argues transfer to the Middle District of North Carolina is appropriate because that is where Life Source, the company through which Defendant is alleged to have perpetrated the fraud, is located. *Id.* at 10. Similarly, Defendant argues the Middle District of North Carolina is where "[a]ll employees who carried out the day-to-day operations of

Life Source, its prior owner, and the DME supplier that shipped its products" are located as well. *Id.* However, as the Government identifies, the alleged criminal scheme involved national and international conduct and claims that in such cases, transfer is inappropriate. Gov't Opp. at 17. Specifically, the Government points out that "[t]he events at issue in this case involve conduct in the Eastern District of New York as well as around the country, including North Carolina, and even internationally, including contacts between call centers in the Philippines and beneficiaries in this district and elsewhere." *Id.*

The fourth factor, which concerns the location of relevant documents and records, is neutral as all discovery has been produced to the parties digitally. Gov't Opp. at 18; *see Blakstad*, 2020 WL 5992347, at *5. Furthermore, as the Government emphasizes, "[Defendant] does not identify any evidence that is only available in the Middle District of North Carolina or evidence that could not be easily brought or transmitted to New York." Gov't Opp. at 18.

The fifth factor, which concerns the potential disruption of Defendant's business, is also neutral. In fact, Defendant explicitly concedes there is little difference between this District and the Middle District of North Carolina in terms of any potential negative impact. Def. Mot. at 11 ("A transfer to the Middle District of North Carolina would not negatively disrupt [Defendant's] business any more than a trial in the Eastern District of New York.").

The sixth factor, which concerns expenses, is neutral. On this point, Defendant argues simply that "[t]he requested transfer would, however, reduce the parties' expenses by avoiding the need to bring witnesses from North and South Carolina to the Eastern District of New York." Def. Mot. at 11. This is insufficient to demonstrate Defendant is "financially incapable of funding [his] defense" if the trial were to proceed in this District. *See Blakstad*, 2020 WL 5992347, at *5.

7

The seventh factor, concerning the location of defense counsel, is also neutral, as Defendant's attorney is located neither in this District nor in the Middle District of North Carolina. Defense counsel reports he is based in Boston, Massachusetts. Def. Mot. at 11 ("[Defendant's trial counsel is in Boston, MA and a transfer would have no discernable effect on counsel's ability to represent [Defendant].").

The eighth factor, which concerns the relative accessibility of trial, is neutral as well, considering New York possesses "superior access to three airports, numerous train lines and an abundance of hotel accommodations." *United States v. Spy Factory, Inc.*, 951 F. Supp. 450, 460 (S.D.N.Y. 1997) (Sotomayor, J.).

The ninth factor, which concerns the docket conditions of each potential district, is also neutral. Defendant argues this factor favors transfer, citing a Judicial Caseload Profile, which reports "the Eastern District of New York is the 14th busiest district in the country with 849 pending cases per Judgeship; the Middle District of North Carolina is the 66th busiest with 366 pending cases per Judgeship." Def. Mot. at 11. While the Government concedes that the Eastern District of New York has a busy docket, it argues "there is no reason to believe that this Court could not conduct the trial in a timely fashion." Gov't Resp. at 19. The Court agrees with the Government. More compelling than these general statistics is the actual posture of this case, which is scheduled to begin trial in only a matter of weeks. *See United States v. Canale*, 14-CR-713, 2015 WL 3767147, at *4 (S.D.N.Y. June 17, 2015) (Forrest, J.) ("More important than caseload statistics, however, is the fact that this Court has already made itself available, familiarized itself with this case, and scheduled a trial date that is convenient for both parties."); *see also United States v. Stein*, 429 F. Supp. 2d 633, 645 (S.D.N.Y. 2006) (Kaplan, J.) (denying

defendants' motions to transfer where, *inter alia*, the court had already "scheduled trial ... ensuring that defendants will receive ample attention regardless of docket conditions.").

The tenth and final *Platt* factor considers whether any other special circumstances warrant transfer. In support of this point, Defendant cites *Smith v. United States*, 143 S. Ct. 1594, 1609 (2023), which addresses a far narrower issue than that presented here: the appropriate remedy in the event an appellate court finds the venue in a criminal trial was improper. Accordingly, this case, without more, does little to compel this Court to prematurely decide an issue the Second Circuit has consistently found to rest within the purview of the jury at trial. *Ohle*, 678 F. Supp. 2d at 231 ("The question of whether there is sufficient evidence to support venue is appropriately left for trial."). Therefore, Defendant's request to transfer venue is also denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion in its entirety. The Clerk of Court is respectfully directed to terminate the Motion pending at ECF No. 58.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 16, 2023
Brooklyn, New York

9