

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MGD/PJC
F. #2020R00105

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 25, 2023

**By Email and ECF**
Maksim Nemtsev, Esq.
Maksim Nemtsev P.C.
20 Park Plaza, Suite 1000
Boston, MA 02116

> Re:   United States v. Gorgi Naumovski,
>        <u>Criminal Docket No. 20-384 (WFK)</u>

Dear Counsel:

Under cover of this letter the government is producing by secure file transfer a set of interview reports (the "Production"), bearing Bates numbers DOJ_GN_055815 through DOJ_GN_056167.  In response to the defendant's motion to compel production of certain specified materials, ECF No. 71, the government offered to search its records to find such materials if they existed.  <u>See</u> ECF No. 73.  The materials in this Production comprise the results of that search.  To be clear, it is the government's position that none of these materials are in any way exculpatory of the defendant.  Nonetheless, the government is voluntarily providing these materials at your request.

The motion to compel asked that the government produce the following two categories of materials:

(1) "Interview reports of Andrew Chmiel and Herbert Kimble's business partners and clients to whom Mr. Chmiel and/or Mr. Kimble disclosed legal opinion letters or otherwise provided assurances that the business model was lawful and/or that attorneys had reviewed the business model that Mr. Chmiel and/or Mr. Kimble described to them and opined that it was legal and/or compliant"; and

(2) "Interview reports of any attorneys that provided Mr. Chmiel, Mr. Kimble, or their business partners and clients with opinions that the business model that Mr. Chmiel and/or Mr. Kimble disclosed to them was lawful."

With respect to the first request, the government is hereby producing all known reports of interviews in which Mr. Chmiel's name is mentioned and which have not yet been produced.  To be clear, the government has not restricted the Production to interviews of co-

conspirators; nor has the government restricted the Production to interview reports that may touch upon legal issues.  The Production is therefore intended to include, but not be limited to, those documents in the government's possession, custody or control that may be responsive to the defendant's motion to compel.

With respect to the second request, the government has searched its records and is not aware of any such interview reports.

The contents of the Production are designated "confidential" under the terms of the Protective Order that was agreed to and acknowledged by you.  The government reserves the right to supplement or modify its response to the motion to compel discovery.

\*     \*     \*

The government hereby renews its request for reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also renews its request that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also renews its request that the defendant provide a signed expert disclosure and written summary of testimony that the defendant intends to use as evidence at trial

under Rules 702, 703, and 705 of the Federal Rules of Evidence.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(G)(vi).

Very truly yours,

GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

By:    <u>/s/ Miriam L. Glaser Dauermann</u>
Miriam L. Glaser Dauermann
Acting Assistant Chief
Patrick J. Campbell
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
(718) 254-7575