# Maksim Nemtsev, P.C.

20 Park Plaza, Suite 1000
Boston, MA 02116

Phone: (617) 227-3700
Cell: (347) 251-4800
Fax: (718) 701-5922
E-Mail: max@mnpc.law

August 30, 2023

**BY ECF**
The Honorable William F. Kuntz, II
United States District Judge
United States District Court for the
    Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:**   ***United States v. Gorgi Naumovski*, Docket No. 20 Cr. 384 (WFK)**
Motion *in Limine* to Exclude Expert Testimony

Dear Judge Kuntz:

In advance of trial, the defense respectfully moves *in limine* to exclude the testimony of the government's proffered witness, Lisa Small, whose testimony the defense contends is in part inadmissible, and in part only admissible upon a disclosure that meets the requirements of Fed. R. Crim. P. 16(a)(1)(G).

## I.      Background.

On August 21, 2023, the government provided to the defense an expert disclosure for Lisa Small, a Medicare contractor who investigates fraud.  *See* Exhibit A at 3, 6.  According to the disclosure, "Small will help the jury understand what Medicare is, what it pays for, and the mechanics of claim processing and reimbursement."  *Id.* at 3.  The disclosure then outlines various topics that may be covered in Small's testimony.  Before doing so it expressly notes that the government "does not contend or concede that any portion of" Small's "testimony . . . necessarily qualifies as expert testimony," subject to Fed. R. Evid. 702.  *Id.* at 1.

## II.      Argument.

### A.      Small's Disclosure Reflects Expert Testimony Subject to Rule 702.

As an initial matter, the Court should reject the government's suggestion that Small's testimony constitutes lay opinion outside the scope of Rule 702.  The "distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field."  Fed. R. Evid. 701, advisory committee notes.

The opinions proffered by Small here are "not based on the product of applying familiar reasoning processes to [her] job experience," but rather could be formed "only by understanding technical Medicare laws and regulations." *United States v. Vega*, 813 F.3d 386, 395 (1st Cir. 2016) (concluding that lay witness should have been precluded from testifying "that a DME supplier could not pay an equipment coordinator commissions because the anti-kickback statute made it illegal to offer or receive anything of value for referrals of Medicare" patients "to receive Medicare service or equipment" (internal quotation marks omitted)); *see also United States v. Sarkissian*, 755 F. App'x 613, 617 n.3 (9th Cir. 2018) (unpublished) ("Other courts of appeal have held that it is error to allow a witness to testify as a fact witness as to his opinions on how Medicare functions and what Medicare would do in certain circumstances when his knowledge comes from working as a Medicare fraud investigation educator."); *United States v. Willner*, 795 F.3d 1297, 1318 (11th Cir. 2015) (holding that "Medicare fraud investigation educator" who "testified in the form of opinions on a number of issues involving how Medicare functions and what Medicare would do in a number of hypothetical circumstances" should not have been permitted to testify as a lay witness); *United States v. White*, 492 F.3d 380, 403-04 (6th Cir. 2007) ("The Fiscal Intermediary witnesses relied to a significant degree on specialized knowledge acquired over years of experience as Medicare auditors in testifying to the structure and procedures inherent in the Medicare program, as well as their understanding of various terms. An average layperson would be incapable of making sense of the various exhibits which the Fiscal Intermediary witnesses helped to clarify and link together on the basis of the reasoning process employed daily in their highly specialized jobs." (citations omitted)); *United States v. Stroud*, No. 19-CR-439, 2022 WL 1063029, at *5 n.27 (N.D. Tex. Apr. 8, 2022) (noting that, while government "pointed to a number of cases where Medicare contractors were apparently permitted to testify as non-experts," it cited "no orders or opinions directly addressing the question of whether these contractors should be designated as experts").

Small's disclosure reflects precisely the type of "technical" or "specialized" knowledge that is expressly prohibited from serving as the basis for lay opinion testimony. Fed. R. Evid. 701(c). This limitation is designed "to preclude a party from surreptitiously circumventing 'the reliability requirements set forth in Rule 702 . . . through the simple expedient of proffering an expert in lay witness closing' and to 'ensure[] that a party will not evade the expert witness disclosure requirements set forth in . . . Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a layperson.'" *White*, 492 F.3d at 400-01 (quoting Fed. R. Evid. 701, advisory committee notes).

There is no indication in the government disclosure that Small possesses any firsthand knowledge of, or had any involvement in processing, the claims involving DME at issue in this case or any claim that more broadly involved DMEs operated by the government's principal witness Andrew Chimel. *Cf. United States v. Ahmed*, No. 14-CR-277, 2016 WL 3647686, at *12 (E.D.N.Y. July 1, 2016) (permitting "fact testimony from an agent of the institution that was charged with processing the claims the government allege[d] were false").[1] Accordingly, her

---

[1] In addition to being distinguishable on this basis, the opinion in *Ahmed* did not mention, much less discuss, the consensus of persuasive authority cited *supra* for the proposition that testimony like that at issue here is subject to Rule 702.

proffered testimony is also not "rationally based on the witness's perception," as required by Rule 701.

**B.     The Government Disclosure of Small's Expert Testimony Is Insufficient.**

Because Small's proffered testimony falls within the scope of Rule 702, the disclosure requirements of Fed. R. Crim. P. 16(a)(1)(G) apply, including "a complete statement of all opinions that the government will elicit from the witness" and "the bases and reasons for them." "Courts have . . . precluded expert testimony when the Rule 16 disclosures fail to specify the expert's bases, reasons, and sources for their opinions." *United States v. Ulbricht*, 14-CR-68, 2015 WL 413318, at *5 (S.D.N.Y. Feb. 1, 2015). The disclosure at issue here summarizes the subjects of Small's opinions in a bulleted list. As noted *infra*, several of those subjects or opinions are stated in conclusory fashion and contain no explanation whatsoever as to the basis for any opinion or the reasoning as to how Small arrived at them as required by the expert disclosure rule. The only explicit basis for Small's testimony is her experience working as a Medicare contractor. This is self-evidently insufficient to satisfy Rule 16, which requires disclosure of the proffered expert's "qualifications" ***in addition*** to the bases for her testimony. Fed. R. Crim. P. 16(a)(1)(G); *cf. United States v. Ahmed*, No. 12-CR-661, 2015 WL 1611947, at *2 (E.D.N.Y. Apr. 9, 2015) (ordering defense to supplement disclosure that "clearly indicate[d] the sources the[] experts [we]re relying on," but did "not indicate *why* the[] experts f[ound] [the government expert's] analysis faulty"). Absent additional information, the defense will "be at a plain and unfair disadvantage in countering [Small's] testimony." *Ulbricht*, 2015 WL 413318, at *8.

**C.     Small Should Be Prohibited From Offering Legal Opinions.**

Several of Small's proffered opinions are independently subject to exclusion because they "would invade the province of the court to determine the applicable law and to instruct the jury" accordingly. *FAA v. Landy*, 705 F.2d 624, 632 (2d Cir. 1983) (affirming exclusion of testimony about "the meaning and applicability of" Federal Aviation Regulations). "[T]he rule prohibiting experts from providing their legal opinions or conclusions is so well established that it is often deemed a basic premise or assumption of the evidence law—a kind of axiomatic principle." *Bennett v. Target Corp.*, No. 16-CV-5816, 2018 WL 5784354, at *8 (E.D.N.Y. Nov. 5, 2018) (citation omitted)); *see also Rondout Valley Cent. Sch. Dist. v. Coneco Corp.*, 321 F. Supp. 2d 469, 480 (N.D.N.Y. 2004) ("[I]t is axiomatic that an expert is not permitted to provide legal opinions, legal conclusions, or interpret legal terms . . . ."). Such "communication of a legal standard by an expert witness is inadmissible" whether "[e]xplicit or implicit." *Hartman v. Snelders*, No. 04-CV-1784, 2010 WL 11626508, at *25 (E.D.N.Y. Jan. 28, 2010).

The Second Circuit has repeatedly held expert testimony inadmissible on this basis. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (relying upon "longstanding rule that expert testimony on issues of domestic law is not to be considered"); *United States v. Stewart*, 433 F.3d 273, 311 (2d Cir. 2006) ("Clearly, an opinion that purports to explain the law to the jury trespasses on the judge's exclusive territory."); *In re Air Disaster at Lockerbie Scotland*, 37 F.3d 804, 827 (2d Cir. 1994), *abrogated on other grounds* ("[E]xpert testimony expressing a legal conclusion should ordinarily be excluded because such testimony is not the way in which a legal standard should be communicated to the jury."); *United*

*States v. Articles of Banned Hazardous Substances*, 34 F.3d 91, 96 (2d Cir. 1994) (rejecting reliance on expert opinion regarding regulatory "test for flammability" because "[i]t is a well-established rule in this Circuit that experts are not permitted to present testimony in the form of legal conclusions"); *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992) ("[T]here is a knowledgeable gentleman in a robe whose exclusive province it is to instruct the jury on the law. The danger is that the jury may think that the 'expert' in the particular branch of the law knows more than the judge—surely an inadmissible inference in our system of law." (citation omitted)); *Marx & Co. v. Diners' Club Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977) ("It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge.").

This is consistent with the advisory committee notes to Rule 704 which reaffirm that opinion evidence "must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances *against the admission of opinions which would merely tell the jury what result to reach*, somewhat in manner of the oath-helpers of an earlier day. They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria." *Hygh*, 961 F.2d at 363 (quoting Fed. R. Evid. 704, advisory committee notes).

Several aspects of Small's disclosure impermissibly infringe on the Court's prerogative to instruct the jury regarding applicable law. For example, the statement that "Medicare is a 'Federal health care program' as defined in Title 42, United States Code, Section 1320a-7b(f) and a 'health care benefit program' as defined in Title 18, United States Code, Section 24(b)" effectively amounts to a directed verdict on one element of the charged offense. Exhibit A at 3; *see also* Dkt. 1 (Indictment) ¶ 3 (alleging that "Medicare was a 'health care benefit program,' as defined by Title 18, United States Code, Section 24(b)"); 18 U.S.C. § 1347(a) (prohibiting schemes "to defraud any health care benefit program"). Such an "attempt to testify as to what the law is, by offering [Small's] view of the meaning of these statutes . . . under the guise of expert advice" is not permissible. *PharmacyChecker.com v. Nat'l Ass'n of Boards of Pharmacy*, No. 19-CV-7577, 2023 WL 2973038, at *16 (S.D.N.Y. Mar. 28, 2023) (citation omitted)); *see also United States v. Scop*, 846 F.2d 135, 142 (2d Cir. 1988) (rejecting expert's "repeated use of statutory and regulatory language indicating guilt"); *GlobalRock Networks, Inc. v. MCI Commc'ns Servs., Inc.*, 943 F. Supp. 2d 320, 343 (N.D.N.Y. 2013) ("Experts should not testify on the meaning of words in a statute or regulation as that decision is one of law which must be made by the court."); *Ebbert v. Nassau Cnty.*, No. 05-CV-5445, 2008 WL 4443238, at *6 (E.D.N.Y. Sept. 26, 2008) ("It is not within [expert's] purview to define legal terms . . . .").

Similarly, Small asserts that "Medicare generally prohibits a provider from directing an order or prescription to a particular company not of the patient's choosing." Exhibit A at 4. As an initial matter, the disclosure is clearly lacking on this point, as it fails to cite any particular statute, regulation, or other authority for the purported prohibition. *See PharmacyChecker*.com, 2023 WL 2973038, at *16 (finding certain unsupported assertions about FDA regulatory requirements "too conclusory . . . to be admitted" (citation omitted)). Again, this opinion closely tracks the allegations in the Indictment. *See* Dkt. 1 ¶ 7 (alleging that Mr. Naumovski and others "paid bribes and kickbacks . . . by purchasing completed prescriptions and other necessary documentation . . . that were necessary to submit claims to Medicare"). And it represents an impermissible attempt to usurp the Court's duty to decide and explain the law. *See Choi v. Tower*

*Rsch. Cap. LLC*, 2 F.4th 10, 20 (2d Cir. 2021) (holding inadmissible expert opinion that "function[ed] as little more than a legal brief that parrot[ed] plaintiffs' arguments"); *United States v. Teman*, 465 F. Supp. 3d 277, 329 (S.D.N.Y. 2020) (excluding expert testimony that would "define both counterfeit checks and [remotely created checks ('RCCs')] for the jury; . . . explain the implications under the Uniform Commercial Code for paying counterfeit and forged checks; and . . . opine about what constitutes a valid RCC under federal regulations" as "testimony about quintessential legal rules" that "would have invaded the Court's role"); *Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc.*, No. 11-CV-6201, 2015 WL 731209, at *1 (S.D.N.Y. Feb. 20, 2015) ("To the extent that [an expert] testifies as to what the securities laws require, that testimony will be stricken."); *United States v. Reyes-Vizcarrando*, No. 19-CR-481, 2022 WL 1402098, at *1-2 (D.P.R. May 3, 2022) (precluding "experts' proposed testimony that a CMS-855R form is legally required to assign Medicare billing rights and that an oral assignment is unenforceable" and explaining, "we cannot allow experts to define the law that applies to this case nor permit the jury to be confused and misled by the legal standards it would hear from them under the guise of evidence").

Small's disclosure also includes opinions, once again without any specific cited support, that "[t]elephonic contact that does not include a visual component does not constitute telehealth under Medicare regulations" and that, "[w]hen ordering certain DME items, such as certain knee braces, the ordering practitioner generally must examine the patient in order for the DME to be considered reasonable and medically necessary." Exhibit A at 5. Small's opinions on these points, like the others, fit neatly into the government's theory of prosecution. *See* Dkt. 1 ¶ 8 ("The medical professionals who signed the Doctors' Orders purchased by" Mr. Naumovski "often signed the Doctors' Orders regardless of medical necessity, without a pre-existing doctor-patient relationship, without a physical examination and frequently based on a short telephone conversation with the beneficiary."). These aspects of the disclosure are "tantamount to 'instruct[ing] the jury as to applicable principles of law'" (in a manner extremely favorable to the government) and are therefore inadmissible. *Golden v. OSG Ship Mgmt., Inc.*, No. 14-CV-6636, 2017 WL 11454726, at *6 (S.D.N.Y. Oct. 12, 2017) (quoting *Marx*, 550 F.2d at 509-10); *see also, e.g.*, *Bausch & Lomb, Inc. v. Alcon Lab'ys, Inc.*, 79 F. Supp. 2d 252, 258 (W.D.N.Y. 2000); *United States v. Jacques Dessange, Inc.*, No. 99-CR-1182, 2000 WL 294849, at *3 (S.D.N.Y. Mar. 21, 2000).

Perhaps most problematic of all, Small is prepared to "provide examples of payment arrangements which would constitute kickbacks and bribes under Medicare regulations such that Medicare would not pay for items or services procured through those payment arrangements, including by paying another to refer orders to a particular provider or supplier." Exhibit A at 4-5. The vagueness of this proffered but unparticularized opinion alone should render it inadmissible. It is exceedingly difficult for the defense to counter Small's "examples" with such minimal notice as to what they will be. It is a small leap, however, to presume that the exemplary bribes and kickbacks that the government intends to introduce through Small will closely mirror Mr. Naumovski's alleged conduct. Such testimony would effectively amount to an opinion that Mr. Naumovski violated applicable regulations. Testimony along these lines is routinely held inadmissible. *See, e.g.*, *Golden*, 2017 WL 11454726, at *3 (precluding proffered expert "from testifying regarding alleged violations by Defendants of any law, treaty, or U.S. Coast Guard regulations, including statements that Defendants violated federal regulations regarding injury reporting requirements"); *Sutton v. Tompkins Cnty.*, No. 03-CV-664, 2006 WL 2481977, at *3–4

(N.D.N.Y. Aug. 25, 2006) (precluding witness from "answer[ing] . . . a series of hypothetical questions," where "[a]lmost every answer . . . ma[de] a legal conclusion that the Department did not follow the appropriate law"); *Breezy Point Co-op., Inc. v. Cigna Prop. & Cas. Co.*, 868 F. Supp. 33, 36 (E.D.N.Y. 1994) (excluding "proposed testimony that plaintiff's alleged failure to provide timely notice violated the terms of the insurance policies"). *An opinion that usurps the respective roles of the Court and jury in this manner is not "helpful to the jury in carrying out its legitimate functions*." *Scop*, 846 F.2d at 140 (emphasis added); *see also* Fed. R. Evid. 702(a).

Although the Court may permit an expert to provide "general background" regarding a complex set of regulations, Small's proffered opinions discussed above go far beyond that and cross the line into impermissible legal opinions. *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991). While some federal courts have permitted Medicare experts to testify regarding coverage rules, the admission of such testimony has often been apparently unchallenged. *See, e.g.*, *United States v. Palazzo*, 372 F. App'x 445, 447-48 (5th Cir. 2010) (unpublished). In any event, admitting testimony like that at issue here contravenes the clear and longstanding rule in this Circuit that an expert may not infringe upon the role of the Court by instructing the jury on rules of law applicable to the case at hand. At the very least, such testimony poses significant dangers of unfair prejudice, confusing the issues, and misleading the jury, such that it should be excluded under Fed. R. Evid. 403.

## III.    Conclusion.

For all the foregoing reasons, the defense respectfully requests this Honorable Court to grant it's *in limine* request.

Respectfully,

Maksim Nemtsev
Timothy R. Flaherty

CC:    Miriam L. Glaser Dauermann, U.S. Department of Justice (by ECF)
        Patrick J. Campbell, U.S. Department of Justice (by ECF)