PJC/MGD
F.# 2020R00105

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

    - against -                       Cr. No. 20-384 (WFK)

GORGI NAUMOVSKI,

               Defendant.

– – – – – – – – – – – – – – – X

## THE GOVERNMENT'S REQUESTS TO CHARGE

GLENN S. LEON
Chief, Fraud Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20005

BREON PEACE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Miriam L. Glaser Dauermann
Acting Assistant Chief
Patrick J. Campbell
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice

## TABLE OF CONTENTS

REQUEST NO. 1 ................................................................................................................2

    General Requests ........................................................................................................ 2

REQUEST NO. 2 ................................................................................................................3

    Introduction to the Indictment .................................................................................. 3

REQUEST NO. 3 ................................................................................................................4

    Knowingly, Intentionally, Willfully ........................................................................ 4

REQUEST NO. 4 ................................................................................................................6

    Definition of Conspiracy........................................................................................... 6

REQUEST NO. 5 ................................................................................................................9

    Conspiracy to Commit Health Care Fraud............................................................... 9

REQUEST NO. 6 ..............................................................................................................10

    Health Care Fraud .................................................................................................. 10

REQUEST NO. 7 ..............................................................................................................14

    Other Persons Not on Trial .................................................................................... 14

REQUEST NO. 8 ..............................................................................................................15

    Interviews of Witnesses (If Applicable) ................................................................ 15

REQUEST NO. 9 ..............................................................................................................16

    Basing Verdict on Sympathy ................................................................................. 16

REQUEST NO. 10 ............................................................................................................17

    Punishment.............................................................................................................. 17

REQUEST NO. 11 ............................................................................................................18

    Opinion of Defendant's Character (If Applicable) ................................................ 18

REQUEST NO. 12 .............................................................................................................. 19

    Charts and Summaries ................................................................................................. 19

REQUEST NO. 13 .............................................................................................................. 20

    Time Between Arrest and Trial .................................................................................... 20

REQUEST NO. 14 .............................................................................................................. 21

    Evidence Lawfully Obtained ....................................................................................... 21

CONCLUSION .................................................................................................................... 22

## PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court include the following instructions in its charge to the jury.  In addition, the government requests leave to offer such other instructions as may become appropriate during the course of the trial.

REQUEST NO. 1

General Requests

The government respectfully requests that the Court charge the jury in its usual manner on the following subjects:

a.  The Role of the Court and the Duties of the Jury;

b.  Equality of the Parties Before the Court;

c.  Jury Communications with Lawyers and the Court;

d.  Presumption of Innocence;

e.  Burden of Proof and Reasonable Doubt;

f.  Circumstantial Evidence and Direct Evidence;

g.  Function of the Indictment and What Is Not Evidence;

h.  Permissible Inferences Drawn from the Evidence;

i.  Stipulations (if applicable) and Objections;

j.  Credibility of Witnesses and Discrepancies in Testimony;

k.  Testimony of Government Witnesses;

l.  All Witnesses Need Not Be Called, All Evidence Need Not Be Produced;

m.  Defendant's Testimony and Right Not to Testify (whichever applicable);

n.  No Particular Investigative Techniques Required;

o.  Deliberations;

p.  Right to See Exhibits and Have Testimony Read During Deliberations;

q.  Verdict Must Be Unanimous;

r.  Questioning Wisdom of Law or Basing Verdict on Sympathy or Prejudice Prohibited;

s.  Approximate Date; and

t.  Venue

2

REQUEST NO. 2

Introduction to the Indictment

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, an Indictment is a charge or accusation.  The Indictment in this case contains one count, which charges the defendant with Conspiracy to Commit Health Care Fraud.  That count reads as follows:

> In or about and between April 2016 and December 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant GORGI NAUMOVSKI, together with others, did knowingly and intentionally conspire to execute an artifice to defraud one or more health care benefit programs, as defined in Title 18, United States Code, Section 24(b), to wit: Medicare, and to obtain, by means of one or more materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicare, in connection with the delivery of and payment for health care benefits, items and services, contrary to Title 18, United States Code, Section 1347.

In a moment, I will explain to you the elements of conspiracy to commit health care fraud.  Before I do so, I will define for you some of the key terms that you will hear in my explanation.

3

<u>REQUEST NO. 3</u>

<u>Knowingly, Intentionally, Willfully</u>

During these instructions, you will hear me use the words "knowingly," "intentionally," and "willfully."  As a general rule, the law holds persons accountable only for conduct in which they intentionally engage.  Thus, before you can find the defendant guilty of the charged offense, you must be satisfied that the defendant was acting knowingly, intentionally or willfully.  I will define those terms for you now.

A.    <u>Knowingly</u>

Certain allegations in the Indictment require that the government prove beyond a reasonable doubt that the defendant acted knowingly in order to sustain its burden of proof.  A person acts "knowingly" if he acts purposely and voluntarily and not because of ignorance, mistake, accident, or carelessness.

In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious to him.  You may only infer knowledge of the existence of a particular fact if the defendant was aware of a high probability of its existence, unless the defendant actually believed that it did not exist.  If you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning a highly probable truth, then this element may be satisfied.  However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, careless, or mistaken.  It is entirely up to you to determine whether the defendant deliberately closed his eyes and what inferences, if any, fairly may be drawn from the evidence on this issue.

Whether the defendant acted "knowingly" may be proven by a defendant's conduct and by all of the facts and circumstances surrounding the case.

4

B.      Intentionally

Certain allegations in the Indictment require that the government prove beyond a reasonable doubt that the defendant acted intentionally in order to sustain its burden of proof. Before you can find that the defendant acted "intentionally," you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully. A defendant need not have been aware of the specific law or rule that his conduct may have violated, but his acts must not have been the product of a mistake or accident.

These issues of knowledge and intent require you to make a determination about the defendant's state of mind, something that can rarely be proven directly. A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the defendant's state of mind. Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in a given circumstance. You are asked to do the same here.

C.      Willfully

Certain allegations in this Indictment require that, in order to sustain its burden of proof, the government must prove beyond a reasonable doubt that the defendant acted willfully. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose either to disobey or to disregard the law. A defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

Authority

Adapted from jury charge in United States v. Russell, et al., 10-CR-968 (DLI) (E.D.N.Y.); 1 Modern Federal Jury Instructions – Criminal: Sand, et al. ("Sand"), Instructions 3A-1 to 3A-4.

REQUEST NO. 4

Definition of Conspiracy

A conspiracy is an agreement by two or more persons to accomplish some unlawful purpose.  It is sometimes referred to as a criminal partnership.  The crime of conspiracy is an offense separate from the crime the alleged conspirators intended to commit.  A conspiracy is in and of itself a crime.  If a conspiracy exists, even it if fails to achieve its purpose, it is still punishable as a crime.  A defendant may be found guilty of conspiracy even if he was incapable of committing the underlying crime.  Consequently, for a defendant to be guilty of conspiracy, there is no need for the government to prove that he, or any other conspirator, actually succeeded in their criminal goals or even that they could have succeeded.

The federal crime of conspiracy requires the government to prove:

First,          that two or more persons entered into the unlawful agreement charged in the Indictment; and

Second,       that the defendant knowingly and intentionally became a member of the conspiracy.

The unlawful agreement charged in the Indictment is an agreement to commit the offense of health care fraud.  I will define health care fraud for you in a moment.

The first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the Indictment.  In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme, or the means by which its object or purpose was to be accomplished.  What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to

6

cooperate with each other to accomplish an unlawful act. The gist or essence of the conspiracy is the unlawful agreement to violate the law.

Since conspiracy is usually characterized by secrecy, you may infer its existence from the circumstances of this case and the conduct of the parties and others involved. You may consider the actions and statements of all of these persons as proof that a common design existed on the part of the parties charged to act together for the accomplishment of an unlawful purpose. In short, you may consider all the evidence before you, and the reasonable inferences that may be drawn from all this evidence.

The second element requires that the government prove that a defendant knowingly, intentionally and voluntarily became a participant in or a member of the conspiracy. In deciding whether a defendant was a participant in, or member of, a conspiracy, you must consider whether, based upon all of the evidence, the defendant knowingly and intentionally joined that conspiracy: that is, that he participated in it with knowledge of its unlawful purpose and with the specific intention of furthering one or more of its objectives.

To become a member of a conspiracy, a defendant need not have known the identities of each member, nor their number, nor all of their activities. A defendant need not have been fully informed of all the details, or the scope, of a conspiracy. A defendant need not have joined in all of a conspiracy's unlawful objectives. A conspirator's liability is not measured by the extent or duration of his participation. Each member may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others may play minor ones. Even a single act may be sufficient to draw a defendant within the circle of a conspiracy. A person who knowingly and intentionally joins an existing conspiracy is charged with the same responsibility as if he had been one of the originators or instigators of the conspiracy.

7

In order for a defendant to be deemed a member of a conspiracy, he need not have had a stake in the venture or its outcome.  While proof of a financial or other interest in the outcome of a scheme is not essential, if you find that the defendant did have such an interest, it is a factor you properly may consider in determining whether or not the defendant was a member of the conspiracy.

A defendant's mere presence at the scene of an alleged crime does not, by itself, make him a member of a conspiracy.  Mere association with one or more members of a conspiracy does not automatically make the defendant a member.  A person may know or be friendly with a criminal, without being a criminal himself.  Mere similarity of conduct or the fact that persons may have assembled together and discussed common aims and interest does not necessarily establish proof of the existence of a conspiracy.  Mere knowledge or acquiescence without participation in the unlawful plan is not sufficient. The fact that the acts of a defendant, without knowledge, merely happen to further purposes or objectives of the conspiracy, does not make the defendant a member.

A defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking.  He thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator.

<u>Authority</u>

Adapted from jury charge in <u>United States v. McPartland, et al.</u>, 17-CR-587 (JMA) (E.D.N.Y.) and <u>United States v. Caracappa, et al.</u>, 05-CR-192 (JBW) (E.D.N.Y.); Sand, Instructions 19-1, 19-2, 19-4, 19-6 and 19-10.1.

REQUEST NO. 5

Conspiracy to Commit Health Care Fraud

The unlawful agreement charged in the Indictment is the conspiracy to commit health care fraud.  Conspiracy to commit health care fraud is a violation of federal law under Section 1349 of Title 18 of the United States Code provides, which states as follows:

> [a]ny person who . . . conspires to commit [health care fraud] shall be [guilty of a crime].

I will next describe the crime of health care fraud.

The relevant statute defining health care fraud is Section 1347 of Title 18 of the United States Code, which provides, in pertinent part, that:

> Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice –
>
> > (1) to defraud any health care benefit program; or
> >
> > (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control, of any health care benefit program,
>
> in connection with the delivery of or payment for health care benefits, items, or services shall be [guilty of a crime].

Authority

Adapted from the charge of the Hon. Edward R. Korman in United States v. Bakry, et al., EDNY, 17-CR-373 (ERK).

9

REQUEST NO. 6

Health Care Fraud

I will now define for you the offense of health care fraud.

The elements of health care fraud are:

First, that there was either (a) a scheme or artifice to defraud, or (b) a scheme or artifice to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises, in connection with the delivery of or payment for health care benefits, items or services;

Second, that a person knowingly and willfully executed or attempted to execute that scheme, with the intent to defraud; and

Third, that the target of the scheme was a health care benefit program, as I will define that phrase for you.


First Element - Scheme or Artifice to Defraud or to Obtain Money or Property by Means of Materially False or Fraudulent Pretenses, Representations, or Promises

The first element of the crime of health care fraud is that there was a scheme to defraud or a scheme to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises, in connection with the delivery of or payment for health care benefits, items or services.

A "scheme to defraud" is defined as a pattern or course of conduct concerning a material matter that is designed to deceive.

A scheme "to obtain money or property in connection with the delivery of or payment for health care services by means of materially false or fraudulent pretenses, representations or promises" is defined as one in which the representation was falsely made with

10

the intent to deceive or was made with reckless indifference to its truth or falsity.  Deceitful statements of half-truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

The deception need not be premised upon spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used, may convey a false and deceptive appearance.  If there is intentional deception, the manner in which it is accomplished does not matter.

A fraudulent representation must relate to a material fact or matter.  A material fact is one that reasonably would be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.  This means that, if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.  The same principle applies to fraudulent half-truths or omissions of material facts necessary to make the statements that were made not materially misleading.  It is sufficient if the prosecution proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme.

Although it is not necessary for the government to prove an actual loss of funds by a health care benefit program, the government must prove beyond a reasonable doubt that by executing or attempting to execute the scheme, a person placed the health care benefit program at risk of loss and that the health care benefit program did not knowingly accept such a risk.

Second Element - Intent to Defraud

The second element of the crime of health care fraud is that a person executed or attempted to execute that scheme with the intent to defraud.  To act with intent to defraud means

11

to act willfully and with the specific intent to deceive for the purpose of causing some financial loss to another.

I have already instructed you as to the meaning of "knowingly," "intentionally" and "willfully."  I refer you to those instructions as they apply here also.  I will remind you that the question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves a person's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from all of these things.  Circumstantial evidence, if believed, is of no less value than direct evidence.

Third Element – "Health Care Benefit Program"

The third element of the crime of health care fraud is that the target of the scheme was a health care benefit program.

The phrase "health care benefit program" means any public or private plan or contract under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity that is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

12

In order to qualify as a "health care benefit program," the program must affect interstate commerce.  This means that the program must have had some effect on the movement, transportation, or flow of goods, merchandise, money and individuals between or among the states.

I instruct you as a matter of law that Medicare is a health care benefit program as defined here.

<u>Authority</u>

Adapted from the charge of the Hon. Edward R. Korman in <u>United States v. Bakry, et al.</u>, EDNY, 17-CR-373 (ERK), the charge of Hon. Jack Weinstein in <u>United States v. Sachakov</u>, EDNY, 11-CR-120 (JBW) and the charge of the Hon. Nina Gershon in <u>United States v. Drivas, et al.</u>, EDNY, 10-CR-771 (NG); Sand, Instructions 44-13 to 44-17.

<u>REQUEST NO. 7</u>

<u>Other Persons Not on Trial</u>

You have heard evidence about the involvement of certain other people in the transactions referred to in the Indictment.  That these individuals are not on trial before you is not your concern.  You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.

<u>Authority</u>

Adapted from the charge of the Hon. Eugene H. Nickerson in <u>United States v. Cutolo</u>, 93-CR-1230 (E.D.N.Y.) and the charge of the Hon. Edward R. Korman in <u>United States v. Bakry, et al.</u>, 17-CR-353 (E.D.N.Y.).

<u>REQUEST NO. 8</u>

<u>Interviews of Witnesses</u>
<u>(If Applicable)</u>

There was testimony at trial that attorneys for the government interviewed witnesses when preparing for trial.  You should not draw any unfavorable inference from that testimony.  To the contrary, the attorneys were obligated to prepare this case as thoroughly as possible and might have been derelict in the performance of their duties if they failed to interview witnesses before this trial began and as necessary throughout the course of the trial.

<u>Authority</u>

Adapted from the charge of the Hon. Sterling Johnson, Jr., in <u>United States v. Young Taek Lee</u>, 93-CR-1072 (E.D.N.Y.), and the charge of the Hon. Brian Cogan in <u>United States v. Anastasio, et al.</u>, 06-CR-815 (E.D.N.Y.).

REQUEST NO. 9

Basing Verdict on Sympathy

Under your oath as jurors you are not to be swayed by sympathy for one side or the other.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:  Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crime charged solely on the basis of the evidence and under the law as I charge you.  It must be clear to you that, once you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you must render a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

Authority

Adapted from charge of the Hon. Nicholas G. Garaufis, United States v. Naim, 13-CR-660 (E.D.N.Y.); Sand, Instruction 2-12.

16

## REQUEST NO. 10

### Punishment

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

### Authority

Adapted from the charge of the Hon. Carol A. Bagley in United States v. Kaur, 21-CR-397 (E.D.N.Y.); Sand, Instruction 9-1.

REQUEST NO. 11

Opinion of Defendant's Character (If Applicable)

The defendant has called witnesses who have given their opinion of his good character.  This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty.  That question is for you alone to determine.

You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including testimony about the defendant's good character, you find a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if after considering all the evidence, including that of defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe him to be a person of good character.

Authority

Adapted from the charge of the Hon. Hector Gonzalez in United States v. Bendelstein, 18-CR-309 (E.D.N.Y.); Sand, Instruction 5-15.

REQUEST NO. 12

Charts and Summaries

The government has presented exhibits in the form of charts and summaries. These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these charts or summaries than you would give the evidence upon which they are based.

It is for you to decide whether the charts or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

Authority

Adapted from the charge of the Hon. Edward R. Korman in United States v. Bakry, et al., 17-CR-353 (E.D.N.Y.); Sand, Instruction 5-13.

REQUEST NO. 13

Time Between Arrest and Trial

You have heard evidence that the defendant was arrested in 2020 and the case is being tried in 2023.  You must not speculate about the reasons for that fact, nor are you to draw any inferences for or against either party because of it.

Authority

Adapted from the charge of the Hon. Ann M. Donnelly in United States v. Pikus, 16-CR-329 (E.D.N.Y.) and the charge of the Hon. Hector Gonzalez in United States v. Bendelstein, 18-CR-309 (E.D.N.Y.).

REQUEST NO. 14

Evidence Lawfully Obtained

You have heard evidence about some investigative techniques and about methods of collecting evidence.  Any evidence that was presented to you was obtained legally, and you can consider it.  The methods used to collect that evidence or to investigate the case should not enter into your deliberations in any respect.

Authority

Adapted from the charge of the Hon. Ann M. Donnelly in United States v. Pikus, 16-CR-329 (E.D.N.Y.).

<u>CONCLUSION</u>

The government respectfully requests that the Court include the foregoing in its instructions to the jury.  In addition, the government requests the opportunity to submit further instructions or amend those submitted as appropriate.

Dated:   Brooklyn, New York
            September 1, 2023

                                                    Respectfully submitted,

                                                    GLENN S. LEON
                                                    Chief, Fraud Section
                                                    Criminal Division
                                                    U.S. Department of Justice

                                                    BREON PEACE
                                                    United States Attorney
                                                    Eastern District of New York

                              By:     /s/ Miriam L. Glaser Dauermann
                                                    Miriam L. Glaser Dauermann
                                                    Acting Assistant Chief
                                                    Patrick J. Campbell
                                                    Trial Attorney
                                                    Criminal Division, Fraud Section
                                                    U.S. Department of Justice

cc:      Clerk of the Court (WFK) (by ECF and email)
           Counsel of Record (by ECF and email)