**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>            v.<br><br>GORGI NAUMOVSKI,<br><br>                Defendant. | No. 20 Cr. 384 (WFK) |

## PROPOSED JURY INSTRUCTIONS

Now comes the Defendant Gorgi Naumovski, by and through undersigned counsel, and hereby respectfully requests this Honorable Court to provide the following instructions to the jury in addition to any applicable standard instructions:

1

**<u>Contents</u>**

Request 1: Improper Considerations .................................................................... 3

Request 2: Credibility of Witnesses ................................................................... 4

Request 3: Cooperating Witness ........................................................................ 6

Request 4: Expert Witnesses .............................................................................. 8

Request 5: Law Enforcement Testimony ........................................................... 9

Request 6: Constitutional Right Not to Testify ............................................... 10

Request 7: Knowingly, Willfully, and Intentionally ....................................... 11

Request 8: Civil and Regulatory Violations .................................................... 13

Request 9: Count One: Conspiracy – Basic Elements ..................................... 14

Request 10: Count One: Conspiracy – First Element ...................................... 16

Request 11: Count One: Conspiracy – Second Element ................................... 17

Request 12: Count One: Conspiracy – Good Faith .......................................... 19

Request 13: Count One: Conspiracy - Venue .................................................. 20

Request 14: Theory of Defense ....................................................................... 21

### **Request 1: Improper Considerations[1]**

Your verdict must be based solely upon the evidence developed at trial, or the lack of such evidence. In your deliberations as to whether the Government has sustained its burden of proof, it is improper for you to allow any personal feelings you may have about a defendant's race, religion, national origin, ethnic background, sex or age to influence your decision. All persons are entitled to the presumption of innocence, and the Government has the same burden of proof in all cases.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

---

[1] Adapted from the charge of the Hon. Edward R. Korman in *United States v. Bakry, et al.*, 17-CR-353 (E.D.N.Y.).

3

## **Request 2: Credibility of Witnesses**[2]

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

You are the sole judges of the credibility of the witnesses and the weight that their testimony deserves. Any assumption that a witness will speak the truth may be dispelled by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by evidence contrary to the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and other matters in evidence that tends to indicate whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, partisanship in the prosecution or defense of the case, and his or her demeanor while on the stand.

There was testimony at trial that the attorneys for both the Government and Mr. Naumovski interviewed witnesses when preparing for trial. You must not draw any unfavorable inference from that fact. On the contrary, the attorneys are obliged to prepare their case as thoroughly as possible and one way to accomplish this is to properly interview witnesses before trial and as necessary throughout the course of the trial.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit their testimony. Two or more

---

[2] Adapted from the charge of the Hon. Edward R. Korman in *United States v. Bakry, et al.*, 17-CR-353 (E.D.N.Y.) Eighth Circuit Model Criminal Jury Instruction 1.05 (2020); First Circuit Pattern Criminal Jury Instruction 1.06 (2003).

persons witnessing an incident or a transaction may see or hear it differently, and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, you may consider whether it pertains to a matter of importance or to an unimportant detail, and whether it results from innocent error, on the one hand, or intentional falsehood, on the other.

You may have also heard that before this trial, certain witnesses made statements that may be different from testimony in this trial. It is up to you to determine whether they were different from the witnesses' testimony in this trial. These earlier statements were brought to your attention only to help you decide whether to believe the witnesses' testimony here at trial. You cannot use it as proof of the truth of what the witnesses said in the earlier statement. You can only use it as one way of evaluating the witnesses' testimony in this trial.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars, and you may reject all the testimony of that witness, or you may assign it such weight as you think it deserves.

You may consider any demonstrated bias, prejudice, or hostility of a witness in determining the weight to be accorded his or her testimony.

### Request 3: Cooperating Witness[3]

You have heard from a witness who testified that he was involved in criminal conduct, and who subsequently pled guilty to this criminal conduct pursuant to what is called a "cooperation agreement". Under their agreement, the witness agreed to testify and to cooperate with the government in hope of receiving a reduced sentence. The Government is permitted to enter into such agreements. You must not draw any conclusions or inferences of any kind, favorable or unfavorable, about Mr. Naumovski's guilt from the fact that others pled guilty. The decision of a witness to plead guilty is a personal decision about his own guilt.

However, you should bear in mind that a witness who has entered into such an agreement or understanding has an interest in this case different from any ordinary witness. A witness who realizes that he may be relieved from prosecution for criminal offenses, and may be able to receive a lighter sentence in his own case, by giving testimony favorable to the prosecution may have a motive to testify falsely.

You should ask yourselves whether the witness would benefit more by lying.  Was the testimony made up in any way because the witness believed or hoped that he would somehow receive favorable treatment by testifying falsely, exaggerating his memory, or omitting facts helpful to the defense? If you believe that the witness was motivated by hopes of personal gain or advantage, was the motivation one which would cause him to testify in a manner that favored the prosecution rather than the defense? Did this motivation color the witness' testimony? If,

---

[3] Adapted from the charge of the Hon. Edward R. Korman in *United States v. Bakry, et al.*, 17-CR-353 (E.D.N.Y.); First Circuit Pattern Criminal Jury Instruction 2.08 (2003).

after examining his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

## Request 4: Expert Witnesses[4]

You have heard testimony from people described as experts. Ordinarily, witnesses are restricted to testifying concerning matters of fact. There are occasions, however, when there is some technical or other specialized area of knowledge that will assist the jury in deciding a disputed fact. On those occasions, a witness who is specially qualified by training, knowledge, experience, or education may be called to testify about some evidence or facts in issue in the form of an opinion.

Your role in judging credibility applies to experts as well as to other witnesses. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness, including their bias towards and/or interest in favoring the party that calls them or employs them, as well as the expert witness's education, training and experience, the soundness of the reasons given for the opinion and all other evidence in the case. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given, if any.

---

[4] Adapted from the charge of the Hon. Edward R. Korman in *United States v. Bakry, et al.*, 17-CR-353 (E.D.N.Y.); First Circuit Pattern Criminal Jury Instruction 2.07 (2003); Eighth Circuit Model Criminal Jury Instruction 4.10 (2020)

## **Request 5: Law Enforcement Testimony**[5]

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

---

[5] Adapted from Modern Federal Jury Instructions-Criminal P 7.01

## Request 6: Constitutional Right Not to Testify[6]

Mr. Naumovski has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that Mr. Naumovski did not testify. This is because the Government's burden to prove the defendant's guilt beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

---

[6] Adapted from First Circuit Pattern Criminal Jury Instruction 3.03 (2003); the charge of the Hon. Edward R. Korman in *United States v. Bakry, et al*., 17-CR-353 (E.D.N.Y.).

### Request 7: Knowingly, Willfully, and Intentionally[7]

I will now explain the requirement to determine whether the defendants acted (1) knowingly, (2) willfully, and (3) intentionally.

**Knowingly**: To act knowingly means to act intentionally and voluntarily, meaning that person is aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, accident, or carelessness.

**Willfully:** To act willfully means to act with knowledge that one's conduct is unlawful and with the specific intent to do something the law forbids. The person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that he knows the law forbids. The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

**Intentionally:** To act intentionally means to act deliberately and purposefully. That is, the defendant's acts must have been the product of his conscious objective decision rather than the product of a mistake or accident.

The issue of whether the defendant acted knowingly, willfully, and intentionally require you to determine the defendant's state of mind at some time in the past. It is obviously impossible to directly prove the operation of the defendant's mind. However, a wise and careful consideration of all the circumstances of the case may permit you to make such a determination as to the defendant's state of mind. The ultimate facts of criminal knowledge, willfulness, and intent, though

---

[7] Adapted from the charge of the Hon. Edward R. Korman in *United States v. Bakry, et al.*, 17-CR-353 (E.D.N.Y.).

subjective, may be established by evidence of the defendant's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational and logical inferences you draw from all the evidence in the case.

## **Request 8: Civil and Regulatory Violations**[8]

During this trial, you have heard testimony regarding Medicare's civil rules and regulations regarding durable medical equipment, telehealth medicine, medical marketing, and medical billing. I caution you that the mere fact that a claim was billed in a manner not consistent with a civil statute, rule, or regulation is not a crime. This is not a civil case. Mr. Naumovski is not on trial for a civil violation. Even if you find the claims to Medicare were not permissible under the applicable statute, rule, or regulation, that fact alone would not permit you to convict Mr. Naumovski this case.

---

[8] Adapted from the charge of the Hon. Edward R. Korman in *United States v. Bakry, et al.*, 17-CR-353 (E.D.N.Y.).

13

**Request 9: Count One: Conspiracy – Basic Elements**[9]

Count One of the indictment charges Mr. Naumovski of conspiring to commit a federal crime. Specifically, Mr. Naumovski is alleged to have conspired with Andy Chmiel and others in or about between April 2016 and December 2018 to commit the crime of health care fraud in violation of Title 18, United States Code, Section 1347, which I will describe momentarily.

To prove the crime of conspiracy to commit health care fraud, the government must establish beyond a reasonable doubt each of the following elements:

**First**, that two or more persons entered into the unlawful agreement charged in the Indictment, and not some other agreement or agreements; and

**Second**, that the defendant knowingly, intentionally, and willfully became a member of the conspiracy.

A conspiracy to commit a crime is an entirely separate and different offense from the underlying crime the conspirators intended to commit. The Government need not prove that the defendant or any co-conspirator actually committed the unlawful act charged in Count One as the object of the conspiracy; that is, health care fraud. Rather, what the Government must prove beyond a reasonable doubt is that a conspiracy was knowingly formed between Mr. Naumovski, Mr. Chmiel, and/or others to commit the crime of healthcare fraud and that Mr. Naumovski knowingly, willfully and intentionally became a participant in, or member of, that conspiracy.

---

[9] Adapted from the the charge of the Hon. Edward R. Korman in *United States v. Bakry, et al.*, 17-CR-353 (E.D.N.Y.)

I will now describe the crime of healthcare fraud. The relevant statute defining healthcare fraud is Section 1347 of Title 18 of the United States Code, which provides, in pertinent part, that:

Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice—

(1) to defraud any health care benefit program; or

(2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control, of any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services shall be [guilty of a crime].

The substantive crime of healthcare fraud has three elements:

**First**, that there was either (a) a scheme or artifice to defraud, or (b) a scheme or artifice to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises, in connection with the delivery of or payment for health care benefits, items or services;

**Second**, that a person knowingly and willfully executed or attempted to execute that scheme, with the intent to defraud; and

**Third**, the target of the scheme was a health care benefit program.

## **Request 10: Count One: Conspiracy – First Element[10]**

The first element requires the Government to prove beyond a reasonable doubt that Mr. Chmiel, Mr. Naumovski, and others in or about between April 2016 and December 2018 reached an agreement to commit the crime of healthcare fraud.

While a conspiracy does not have to be a formal agreement or plan, the Government must prove beyond a reasonable doubt that those who were involved agreed together to commit the crime charged in the indictment. A conspiracy may be inferred from the circumstances and conduct of the parties. However, mere similarly of conduct among various people or innocent association for social or business purposes does not make a person a co-conspirator.

The Government has the burden of proving the existence of the conspiracy alleged in Count One of the indictment beyond a reasonable doubt. You must decide whether the conspiracy charged in the indictment existed. If you find that the Government failed to prove beyond a reasonable doubt the existence of the conspiracy as charged, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that the Government failed to prove beyond a reasonable doubt that Mr. Naumovski was a member of the charged conspiracy, then you must find him not guilty, even though he may have been a member of some other conspiracy. It is not enough for you to conclude that Mr. Naumovski may have been party to a different agreement or conspiracy or that others not charged in this case may have conspired separately with one another; it must be the precise conspiracy charged in Count One of the indictment.

---

[10] Adapted from the charge of the Hon. Edward R. Korman in *United States v. Bakry, et al.*, 17-CR-353 (E.D.N.Y.); Eight Circuit Model Criminal Jury Instruction 5.06A-2

16

**Request 11: Count One: Conspiracy – Second Element[11]**

The second element of the charged offense requires the Government to prove beyond a reasonable doubt that Mr. Naumovski knowingly, willfully, and intentionally became a participant in, or member of, the conspiracy. A person does not act knowingly and willfully if his action resulted from a mistake, negligence, ignorance, carelessness, accident or any other innocent reason.

Before you can find that Mr. Naumovski joined the charged conspiracy, the Government must prove to you beyond a reasonable doubt that he knew of the unlawful purpose of the conspiracy – here healthcare fraud – and that he knowingly and intentionally participated in the accomplishment of the conspiracy's purpose.

It is not enough that the defendant and other alleged participants simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The Government must prove to you beyond a reasonable doubt that Mr. Naumovski knew of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

Similarly, a defendant's mere presence at a place where a crime is being committed does not make that person guilty of a crime. This is true even if the person knows a crime is being committed. To be guilty, he must become a participant—take some part—to try to make the

---

[11] Adapted from the charge of the Hon. Edward R. Korman in *United States v. Bakry, et al.*, 17-CR-353 (E.D.N.Y.); Eight Circuit Model Criminal Jury Instruction 5.06A-2

17

crime succeed. The fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of a conspiracy does not make the defendant a member of it.

**Request 12: Count One: Conspiracy – Good Faith**[12]

Good faith is a complete defense to the charges in this case.

If Mr. Naumovski acted in good faith, he cannot be guilty of the crime of conspiracy. If Mr. Naumovski had a good faith belief that he was acting properly, even if that belief was mistaken, and even if others were injured by his conduct, there would be no crime. In other words, Mr. Naumovski's good faith is a complete defense to all of the charges because good faith is simply inconsistent with the element of willfulness.

While the term "good faith" has no precise definition, it means, among other things, an honest belief, a lack of malice, and lacking an intent to violate the law. A person who acts on an honestly held belief is not punishable merely because that honest belief turns out to be incorrect or wrong. The law subjects to prosecution and punishment only those people who act willfully, and with an intent to violate the law.

The burden is on the government to prove the required intent and consequent lack of good faith, beyond a reasonable doubt. Mr. Naumovski is under no obligation to prove good faith.

---

[12] Adapted from Eighth Circuit Model Criminal Jury Instruction 9.08A (2020) and Modern Federal Jury Instructions-Criminal P 8.01

19

## Request 13: Count One: Conspiracy - Venue[13]

Some of the events that you have heard about happened in other places. There is no requirement that the entire conspiracy take place here in the Eastern District of New York. But for you to return a guilty verdict on the conspiracy charge, the government must convince you that either the agreement, or one of the acts in furtherance of the conspiratorial agreement took place here in the Eastern District of New York. If you determine that one of the acts took place here, you must also find that Mr. Naumovski intentionally or knowingly caused that act or that it was reasonably foreseeable to him that such an act would occur in this district. It is not enough that someone else caused an act if it was not known to or not reasonably foreseeable to Mr. Naumovski.

Unlike all the other elements that I have described, this is just a fact that the government must prove by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

Remember that all the other elements I have described must be proved beyond a reasonable doubt.

---

[13] Pattern Criminal Jury Instructions for the District Courts of the Sixth Circuit § 3.07; *United States v. Svoboda*, 347 F.3d 471, 483 (2d Cir. 2003) (venue is proper "where (1) the defendant intentionally or knowingly causes an act in furtherance of the charged offense to occur in the district of venue or (2) it is foreseeable that such an act would occur in the district of venue."); *United States v. Kirk Tang Yuk*, 885 F.3d 57 (2d Cir. 2018) ("That [one conspirator] took [an] overt act in furtherance of conspiracy [in the district of prosecution] does not conclusively establish that venue was proper as to [other conspirators, absent showing] that district was 'reasonably foreseeable' to other members of conspiracy.").

## **Request 14: Theory of Defense**[14]

The defense respectfully reserves its right to submit a theory of defense instruction at the

conclusion of the defense's case.

---

[14] *See e.g., United States v. Meneilly*, 28 F. App'x 26, 30 (2d Cir. 2001) ("A defendant is entitled to a jury charge that reflects any defense theory for which there is a foundation in the evidence.").

21

Respectfully Submitted,

Gorgi Naumovski,
By His Attorneys,

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.
Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
menemtsev@gmail.com

**/s/ Timothy R. Flaherty**
Timothy R. Flaherty, Esq.
Mass. Bar No. 557477
Flaherty Law Offices
699 Boylston Street, 12th Fl
Boston, Massachusetts 02116
617-227-1800
attorneytflaherty@hotmail.com

Dated: September 4, 2023