UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                  :
                                            :
            v.                              :          **MEMORANDUM & ORDER**
                                            :          20-CR-384 (WFK)
GORGI NAUMOVSKI,                            :
                                            :
            Defendant.                      :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Trial in this case is scheduled to commence on September 11, 2023. Before the Court are motions *in limine* submitted by Defendant Gorgi Naumovski ("Defendant") and the Government. *See* ECF Nos. 79, 84, 85, 86. For the reasons below, the Court GRANTS in part and DENIES in part the parties' respective motions.

## BACKGROUND

The Court assumes the parties' familiarity with the facts as the Court articulated them in its August 16, 2023 Memorandum and Order denying Defendant Gorgi Naumovski's ("Defendant") Motion to Dismiss the Indictment for Improper Venue or to Transfer the Case to the Middle District of North Carolina. *See* ECF No. 68.

## DISCUSSION

### I. Defendant's First Motion *in Limine*: Testimony of Lisa Small

The defense first seeks to preclude the testimony of Lisa Small, one of the Government's proffered witnesses. *See* Def. First Mot. *in Limine*, ECF No. 79. It does so on the grounds "Small's testimony constitutes lay opinion outside the scope of Rule 702." *See id.* at 1. Defendant claims the opinions Ms. Small will put forth "could be formed 'only by understanding technical Medicare laws and regulations.'" *Id.* at 2 (citing *United States v. Vega*, 813 F.3d 386, 395 (1st Cir. 2016); *United States v. Sarkissian*, 755 F. App'x 613, 617 n.3 (9th Cir. 2018);

1

*United States v. Willner*, 795 F.3d 1297, 1318 (11th Cir. 2015); *United States v. White*, 492 F.3d 380, 403-04 (6th Cir. 2007); *United States v. Stroud*, 19-CR-439, 2022 WL 1063029, at *5 n.27 (N.D. Tex. Apr. 8, 2022) (Starr, J.)). Defendant also argues aspects of Ms. Small's disclosure constitute legal opinions and thus "would invade the province of the court to determine the applicable law and to instruct the jury." *Id.* at 3 (citing *FAA v. Landy*, 705 F.2d 624, 632 (2d Cir. 1983)).

On the other hand, the Government argues the subjects about which Ms. Small is expected to testify are "fact-based" and that she will not offer expert testimony. *See* Gov't First Mot. *in Limine*, ECF No. 86 at 18-19 (citing *United States v. Ahmed*, 14-CR-277, 2016 WL 3647686 (E.D.N.Y. July 1, 2016) (Irizarry, J.) (explaining courts routinely admit similar testimony regarding the Medicare system in actions involving Medicare malpractice upon finding such lay testimony is relevant and helpful to a jury)).

Rule 702 of the Federal Rules of Evidence permits the admission of expert testimony so long as: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." *See also United States v. Saipov*, 17-CR-722 (VSB), 2023 WL 4199415, at *3 (S.D.N.Y. June 27, 2023) (Broderick, J.) (applying this Rule). In contrast, Rule 701 permits the admission of fact testimony and opinion testimony of lay witnesses, who need not be qualified as experts. Fed. R. Evid. 701. To be admissible, opinion testimony from a lay witness must be helpful to the jury and must not be based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *Id.* As the Government has identified, courts in this District have admitted lay

witness testimony regarding the Medicare system in instances where such testimony is not "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *See Ahmed*, 2016 WL 3647686, at *12.

The Court deems Ms. Small's testimony is of such nature here. The Government explains Ms. Small is expected to testify on Medicare payment rules and processes—testimony analogous to that at issue in *Ahmed*. *See id.* (permissible lay testimony addressed "the process for paying Medicare claims and the policies that determine which claims Medicare will reimburse, and at what rates."). Therefore, the Court finds Ms. Small need not be qualified as an expert to testify on the matters identified by the Government in its submissions and consequently DENIES Defendant's Motion at ECF No. 79.

II.     **Defendant's Second Motion *in Limine*: Testimony of Medicare Patients**

Defendant also seeks to preclude the testimony of Medicare patients who Defendant claims may testify to conduct "unrelated to Life Source, the charged conspiracy, or to any conspiratorial allegation that can be shown to be known to or agreed to by [Defendant]." *See* Def. Second Mot. *in Limine*, ECF No. 84 at 1.

The Federal Rules of Evidence generally provide all relevant evidence is admissible. *See* Fed. R. Evid. 402. "Evidence is relevant if 'it has any tendency to make a fact more or less probable than it would be without the evidence ... and the fact is of consequence in determining the action." *United States v. Malka*, 602 F. Supp. 3d 510, 527 (S.D.N.Y. 2022) (Román, J.) (citing Fed. R. Evid. 401(a)-(b)). However, relevant evidence may still be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Defendant's instant claims regarding the relevancy of the Medicare patients' testimony are premature. To the extent the Government intends to introduce testimony of individuals who report never having heard of either Defendant or Life Source, the Court will rule at trial. Accordingly, Defendant's Second Motion *in Limine* is DENIED without prejudice.

### III.   Defendant's Third Motion *in Limine*: Freedom Medical Direct Audit

Defendant also seeks to preclude evidence of audits conducted at Defendant's former durable medical equipment ("DME") company, Freedom Medical Direct, on the grounds this evidence is both irrelevant and inadmissible under Rules 401, 404(b), and 403 of the Federal Rules of Evidence. *See* Def. Third Mot. *in Limine*, ECF No. 85 at 1.

"The Federal Rules of Evidence prohibit admission of '[e]vidence of other crimes, wrongs, or acts ... to prove the character of a person in order to show action in conformity therewith.'" *United States v. Vrancea*, 12-CR-198, 2013 WL 549099, at *2 (E.D.N.Y. Jan. 4, 2013) (Kuntz, J.) (citing Fed. R. Evid. 404(b)). "The Rules of Evidence do, however, permit admission of such evidence for other purposes." *United States v. Bumagin*, 136 F. Supp. 3d 361, 367 (E.D.N.Y. 2015) (Kuntz, J.). For instance, evidence may be introduced to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *Vrancea*, 2013 WL 549099, at *2.

The Court agrees with Defendant. First, evidence related to Defendant's prior work at Freedom Medical Direct is not "inextricably intertwined with the Indictment's charges or necessary to complete the Indictment's story" here. *United States v. Runner*, 18-CR-0578(JS), 2023 WL 3092915, at *2 (E.D.N.Y. Apr. 26, 2023) (Seybert, J.). As Defendant argues, he is not charged with conduct at Freedom Medical Direct. Def. Third Mot. at 1. The Government's argument that the contested evidence "establishes background and context of the defendant's

4

business relationship with Mr. Chmiel" does not rise to the level of "completing the story" of Defendant's conduct in the present case. Evidence of Freedom Medical Direct audits is thus not admissible as direct evidence. Moreover, the evidence is not admissible under Rule 404(b) to show common plan or scheme, or to show lack of mistake or intent.

Additionally, the Court agrees with Defendant that Rule 403 counsels in favor of excluding evidence related to Freedom Medical Direct. It is likely that introduction of evidence of audits related to complex health care fraud at a separate company would waste time, confuse the issues, and mislead the jury. Therefore, in the interest of preempting satellite litigation relating to Freedom Medical Direct, the Court GRANTS Defendant's Motion at ECF No. 85.

IV. **The Government's Motions *in Limine***

The Government seeks to preclude testimony and evidence regarding: (1) the potential consequences of conviction; (2) certain aspects of Defendant's personal life; (3) the Government's charging decisions; (4) certain conversations Defendant's co-conspirators had with their other business partners regarding the legality of their businesses; (5) certain legal opinion letters provided to co-conspirator Andrew Chmiel; and (6) subsequent changes in the rules regarding the provision of telehealth services. *See generally* Gov't First Mot. *in Limine*, ECF No. 86. The Government also seeks to admit: (7) the proposed testimony of Lisa Small as non-expert witness; and (8) certain evidence of Defendant's prior DME business. *Id.* The Court addresses each request in turn.

With respect to the Government's request to preclude Defendant from discussing the potential consequences of his conviction, the Motion is GRANTED. *See United States v. Jadusingh*, 18-CR-257, 2020 WL 207950, at *1 (E.D.N.Y. Jan. 14, 2020) (Matsumoto, J.) (granting Government's motion to preclude a defendant "from discussing any potential

punishment resulting from, or collateral consequences of, her conviction" given the irrelevance of such evidence under Rule 402).

With respect to the Government's request to preclude evidence regarding certain aspects of Defendant's personal life, including his lack of a criminal record, the Court finds such a "blanket prohibition" inappropriate at this stage. *See United States v. James*, 607 F. Supp. 3d 246, 256 (E.D.N.Y. 2022) (Seybert, J.) (denying Government's request to preclude such evidence and describing the Government's motion as a "preemptive weapon[ ] with which [it] endeavor[s] to strike in shotgun fashion at whole topics and sources of prospective evidence, out of context and before any specific objection against its proper backdrop is raised." (citation omitted)). Accordingly, the Court DENIES the Government's second request but GRANTS the Government leave to renew this motion "if Defendant attempts to elicit personal information outside the scope of Federal Rules of Evidence 401 and 403" at trial. *Id.*

With respect to the Government's request to preclude testimony, evidence and argument regarding the Government's charging decisions relating to anyone not on trial, the Motion is GRANTED. *See United States v. Ramsey*, 21-CR-495, 2023 WL 2523193, at *6 (E.D.N.Y. Mar. 15, 2023) (Ross, J.) (granting the Government's motion to preclude a defendant from offering evidence or argument that would inform the jury an alleged co-conspirator had not been charged as this was irrelevant to the questions of the defendant's innocence or guilt of the crime charged); *see also United States v. Hill*, 12-CR-214, 2014 WL 198813, at *2 (E.D.N.Y. Jan. 14, 2014) (Matsumoto, J.) (denying admission of evidence concerning prior charging decision on Rule 403 grounds).

With respect to the Government's request to preclude testimony and evidence regarding conversations Defendant's co-conspirators had with their separate business partners regarding

6

the legality of their business models, besides those directly involving Defendant, the Motion is GRANTED. As the Government identifies, Defendant's co-conspirators are not the subject of the instant case, only Defendant is. Thus, Defendant's understanding regarding the legality of the DME business is the only one of relevance in this case.

With respect to the Government's request to preclude the law firm opinion letters, the Motion is DENIED. The Government argues the letters are inadmissible on the grounds they are both irrelevant and as well as constitute inadmissible hearsay. However, Defendant argues the letters are relevant to Defendant's "good faith and lack of criminal intent." Def. Resp. at 2.

Rule 401 imposes a "relatively low bar" of relevance. *United States v. Ray*, 585 F. Supp. 3d 445, 459 (S.D.N.Y. 2022) (Liman, J.). Defendant's argument regarding its intended use of the letters satisfies the Rules' relevancy threshold at this stage. Furthermore, the Court finds the letters are not inadmissible hearsay. "The Federal Rules of Evidence define hearsay as a declarant's out-of-court statement 'offer[ed] in evidence to prove the truth of the matter asserted in the statement.'" *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) (quoting Fed. R. Evid. 801(c)). "Hearsay is admissible only if it falls within an enumerated exception." *Id.* However, "[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." *Id.* (citation omitted). That is because "[i]t is well established ... that statements offered for their effect on the listener are non-hearsay." *Sec. & Exch. Comm'n v. AT&T, Inc.*, 626 F. Supp. 3d 703, 737 (S.D.N.Y. 2022) (Engelmayer, J.) (citation omitted). Thus, Defendant's proposed use of the opinion letters to "show that Chmiel communicated the opinions to Mr. Naumovski in an effort to convince him to engage in his business model" is not barred for admission under Rule 801. Def. Resp. at 3.

With respect to the Government's request to preclude argument or mention of any subsequently changed telemedicine rules and regulations, Defendant advises he does not intend to introduce any such evidence. *See* Def. Resp. at 8. As such, this request is DENIED as moot.

The Court has previously determined Ms. Small's testimony is admissible lay testimony. As such, the Government's Motion with respect to its seventh request is GRANTED.

Finally, with respect to the Government's request to admit certain evidence regarding Defendant's prior DME business experience under Rule 404(b), the Court has previously denied this request as to audits conducted at Defendant's former DME company. As such, the Government's Motion with respect to its eighth request is DENIED.

## CONCLUSION

For the reasons above, the parties' respective Motions *in Limine* are DENIED in part and GRANTED in part. The Clerk of Court is respectfully directed to terminate the Motions pending at ECF Nos. 79. 84, 85, and 86.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 7, 2023
      Brooklyn, New York